# Richmond.

SAUNDERS AND OTHERS V. SAUNDERS' ADMINISTRATORS.

January 14, 1909.

1. WILLS—*Construction—Gift to a Class.*—Whether a devise or bequest is to class or to the individuals constituting the class distributively is a question of intention, depending upon the language of the testator in making the gift.

2. WILLS—*Gift to a Class.*—A gift to a class is an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are to take in equal or some other definite proportions; the share of each being dependent for its amount upon the ultimate number.

3. WILLS—*Gift to a Class—Failure as to One of Class.*—Where a gift is to a class and it fails as to one of the class, because of death, revocation or any other cause, the survivors of the class will take the whole.

4. WILLS—*Construction—Case in Judgment—Gift to Class—Revocation as to One of Class.*—A testator devised all of his property to his wife for life, with remainder to the children of his brother and to his ward, share and share alike, and provided that in the event of the death of any of said children, leaving issue, then such issue should take the share of their deceased parent, and in the event of the death of his ward without issue, then the entire estate should go to his said brother's children. By a subsequent codicil he revoked the provision for the benefit of his ward. The brother left five children, all of whom were in being at the date of the will, but one of them died before the testator, leaving issue. It was claimed by the heirs and next of kin of the testator that he died intestate as to the share which would have gone to his ward, but for the codicil revoking the provision in her favor.

*Held:* The effect of the revocation of the gift to his ward by the codicil was to take her out of the class originally made by the

will, and to leave the entire residuum to go to the children of the testator's brother who survived the testator, and the issue of the deceased child.

Appeal from a decree of the Circuit Court of Culpeper county on a petition filed in the suit of *Saunder's Administrators* v. *Saunders and others.* Decree for defendants. Petitioners appeal.

*Affirmed.*

The opinion states the case.

*Grimsley & Miller* and *Harley & Wheeler,* for the appellants.

*Waite & Perry, Rixey & Hiden* and *Jno. S. Barbour,* for the appellees.

Buchanan, J., delivered the opinion of the court.

On the 21st of January, 1885, C. A. Saunders made his last will and testament, which contains the following provision:

"I give, devise and bequeath all of my property of every description and wherever located to my wife, Lucy R. Saunders, for and during her natural life, and at her death to be divided between the children of my brother, Richard Saunders, of Dunnville, Essex county, Virginia, and my ward, Miss Eva Byrd Hill, to share and share alike, and in the event of the death of any of the children of my brother leaving issue, then such issue to take the share of their deceased parent, and in the event of the death of my ward, Miss Eva Byrd Hill, without issue, the entire estate to go to my brother's children."

By a codicil made June 6, 1890, he revoked the provision for the benefit of his ward.

Richard Saunders, the brother of the testator, died in the year 1888, leaving five children, all of whom were in being

at the date of the will, but one of them died before the testator leaving issue.

The contention of the appellants is that the share of the testator's estate which would have gone to his ward, Eva Byrd Hill, but for the codicil revoking the provision for her benefit, lapsed and passed under the statute of descents to the heirs and next of kin of the testator. The appellees, on the other hand, insist that the residuary estate of the testator was given to the children of Richard Saunders and Eva Byrd Hill as a class, and that upon the revocation of the provision in favor of Miss Hill, the share which would otherwise have gone to her did not lapse, but passed to the other members of the class. In other words, the controversy between the parties is whether the gift to the children of Richard Saunders and Miss Hill was a gift to a class, or distributively to them as individuals.

Whether a devise or bequest is to class or to the individuals constituting the class distributively, is a question of intention, depending upon the language of the testator in making the gift. All the provisions of the will may be considered, and sometimes aid may be had from the relation and situation of the parties.

In this case, there is nothing outside of the clause quoted which throws much, if any, light upon the question. Miss Hill, the ward of the testator, was an orphan, a grand-niece of his wife, and had been reared as a member of his family since the death of her parents, which occurred within six months after her birth. It is clear from the testator's original will that he intended to dispose of his entire estate. He gives the whole of it for life to his wife, and then it is to be equally divided between his ward, Miss Hill, and the children of his brother, Richard, share and share alike. This disposition of the remainder was a class gift under the authorities.

Mr. Jarman on Wills (5th ed., Bigelow), 269, defines what constitutes a gift to a class as follows: "A number of persons

are popularly said to form a class when they can be designated by some general name, as 'children,' 'grand-children,' 'nephews;' but in legal language the question whether a gift is to a class depends not upon these considerations but upon the mode of the gift, namely, that it is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are to take in equal or in some other definite proportion, the share of each being dependent for its amount upon the ultimate number of persons."

"In legal contemplation," says Page on Wills (Ed. 1901), sec. 540, "a gift to a class is an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number."

Mr. Jarman gives as an illustration of what will constitute a gift to a legal class, as distinguished from what is popularly said to form a class, the following: "A gift to A, B, and C and the children of D share and share alike is, legally speaking, a gift to a class, but those persons would not, in the ordinary acceptation of the term form a class." Vol. 1, p. 269. See also *Porter* v. *Fox,* 6 Simmons Chy. 485; *Knapping* v. *Tomlinson,* 34 L. J. N. S. 3; *Re Stanhope's Trusts,* 27 Beavan, 203.

In the case of *Pendleton* v. *Hoomes,* Wythe, 94, the residuum of the testator's estate was disposed of as follows: "I give all the residuum of my estate to be equally divided between the children of my uncle, Benjamin Hoomes, and my nephew, John Hoomes, and their heirs forever, share and share alike." Between the date of the will and the death of the testator, one of Benjamin Hoomes' children died. John Hoomes claimed that the share of the deceased lapsed and passed to him as the heir at law of the testator, but Chancellor Wythe held that it did not lapse, but that the surviving legatees or their assignees shared

as if the deceased child had never existed, thus holding in effect, if not in words, that the gift was to the testator's nephew and the children of his uncle as a class.

The language of the gift of the residuum in that case is substantially the same as the gift of the remainder in this, except that in this case there is a provision that if any of the children of the brother die leaving issue, such issue shall take the deceased parent's share, and if his ward die without issue the entire estate is to go to his brother's children. There is nothing in that language which shows that the testator did not intend his gift to be to a class, or which furnishes any sufficient reason for holding that it was not such a gift.

Where the gift is to a class and it fails as to one of the class because of death, revocation, or any other cause, the survivors of the class will take. 1 Jarman on Wills (5th ed.) 341; *Humphrey* v. *Taylor*, Ambler's Rep. 136; *Short* v. *Gashell*, 4 East, 419.

The effect of the revocation of the gift to his ward by the codicil to the testator's will was, therefore, to take her out of the class and leave the entire residuum to go to the children of the testator's brother who survived the testator and the issue of the deceased child.

We are of opinion, therefore, that there is no error in the decree appealed from, and that it should be affirmed.

*Affirmed.*