# Wytheville

## EDMUNDS AND ABERNATHY v. SUSAN PIKE.

### June 14, 1923.

1. DEEDS—*Construction—Life Right—Case at Bar.*—A deed recited that it was between the grantor, as party of the first part, and one H., as party of the second part, and M. P. and S. P., "parties of the third. part, who shall have what is known as a life right in and to the property hereby conveyed." The granting clause of the deed declared that the party of the first part conveyed to the party of the second part "and to the parties of the third part for the period of their life," a certain parcel of land.

   *Held:* That it was the intention of the grantor to convey the property to S. P. and her husband, M. P., for their lives and the life of the survivor, with remainder in fee to H., their daughter.

2. DEEDS—*Wills—Gift to a Class—Failure as to One of the Class—Case at Bar.*—Where the gift is to a class and it fails as to one of the class because of death, revocation, or any other cause, the survivors of the class will take. Thus, in the instant case the conveyance to S. P. and her husband was to a class, and upon the death of the husband, S. P. was entitled to the property for her life.

3. DEEDS OF TRUST—*Recording—To whom Notice—Case at Bar.*—In the instant case a remainderman, a daughter of the life tenant, who was not a resident of the State, gave deeds of trust on property. There was no evidence that the mother, the life tenant, had any knowledge of the deeds of trust given by the remainderman upon the property.

   *Held:* That the record of such deeds was not notice to the life tenant; and in order to charge her with such knowledge it was necessary to prove it.

4. ADVERSE POSSESSION—*Hostility of Possession—Parent and Child.*—As a general rule an adverse possession cannot be predicated on the possession of the parent as against a child, or on the possession of a child as against its parent. In order that such possession may become adverse, the owner must have had some clear, definite, or unequivocal notice of the adverse claimant's intention to assert an exclusive ownership in himself. In all such cases the character of the possession is a question for the jury.

5. ADVERSE POSSESSION—*Hostility of Possession—Parent and Child—Case at Bar.*—In the instant case a mother was life tenant for the property

in question with remainder to her daughter. The daughter took possession of the property, placed improvements upon it and gave deeds of trust upon it, but there was no evidence in the record of any adverse claim against her mother.

*Held:* That the relation of the parties was such that it must be assumed that the daughter entered upon the property by permission.

Error to a judgment of the Circuit Court of Lunenburg county, in an action of unlawful detainer. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Blackwell & Blackwell*, for the plaintiffs in error.

*N. S. Turnbull, Jr.*, and *W. E. Nelson*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This is an action of unlawful detainer brought by Susan Pike against Edmunds and Abernathy, to recover possession of a lot in the town of Kenbridge. The case was tried by the court without the intervention of a jury, upon an agreed statement of facts, and certain exhibits filed therewith.

[1, 2] Susan Pike claims that she is entitled to the property for her life by virtue of a deed made by Christian Rickers, dated January 22, 1913, the material portions of which are as follows:

"This deed, made this 22nd day of January, 1913, between Christian Rickers, a widower, party of the first part, and Hattie M. Hinton, party of the second part, both of Lunenburg county, Virginia, and M. E. Pike and Susan Pike, parties of the third part, who shall have what is known as a life right in and to the property hereby conveyed.

"Witnesseth: That for and in consideration of the sum of five dollars cash in hand, the receipt of which is hereby acknowledged; and further valuable considerations, the receipt of which are also acknowledged; the above mentioned party of the first part doth hereby bargain, grant, sell, and convey with general warranty of title unto the party of the second part, her bodily heirs or assigns, and to the parties of the third part for the period of their life, one certain plat or parcel of land designated and described as lot number twenty-eight in block number fifteen of the town of Kenbridge, Lunenburg county, Virginia."

The parties are not agreed as to the proper interpretation of this deed, but we are of opinion that, reading the deed as a whole, it was the intention of the grantor to convey the property to Susan Pike and her husband for their lives and the life of the survivor, with remainder in fee to Hattie M. Hinton, their daughter. The conveyance to Susan Pike and her husband was to a class, and as it is admitted that the husband is dead, Susan Pike is entitled to the property for her life.

In *Saunders* v. *Saunders*, 109 Va. 195, 63 S. E. 411, it is said: "Where the gift is to a class and it fails as to one of the class because of death, revocation, or any other cause, the survivors of the class will take." 1 Jarman on Wills (5th ed.) 341; *Humphreys* v. *Taylor*, Ambler's Rep. 136; *Short* v. *Gashell*, 4 East. 419."

In the agreed statement of facts, it is agreed between the parties "that the title to the lot in question and the right of possession thereto is claimed by the plaintiff by virtue of a deed from Christian Rickers, made the 22nd day of January, 1913, which deed is hereby made a part of this record, as is shown by Exhibit No. 1; that the said Susan Pike, plaintiff, did not, nor has ever taken actual possession of the said lot, that her daugh-

ter, Hattie M. Hinton, together with her husband, took actual possession of the said lot. That at the time the possession was so taken, which was immediately after the above deed was made, the said lot was nothing more than a naked and vacant lot, located in the town of Kenbridge, with no buildings or improvements thereon of any kind or description; that the said Hattie M. Hinton and her husband did immediately commence to build and erect upon the said lot a hotel and theatre; and that they occupied the said premises exclusively, continuously and openly until the 20th day of July, 1918." It is further agreed that during the period between January 22, 1913, and July 20, 1918, Hattie M. Hinton and her husband gave three deeds of trust upon the property to secure debts, each deed with covenants of general warranty; that the property was sold under these deeds of trust on July 29, 1918, and conveyance made to the purchasers; that the defendant, Edmunds, acquired title under these purchases on the 11th day of February, 1920; and that G. G. Abernathy was a tenant of Edmunds of a part of the property. It is further agreed, "that the said Hattie M. Hinton and her husband claimed title and right of possession of the lot in question by virtue of" the deed of January 22, 1913, hereinbefore quoted.

[3-5] It will be observed from the agreed statement of facts that Hattie M. Hinton and her husband occupied the premises exclusively, continuously and openly from the date of the deed of 1913 to the day of the sale in July, 1918, but the plaintiff insists that this occupation was not a hostile occupation. The record does not disclose the character of the occupation otherwise than is set forth in the agreed statement of facts. It is not stated in the facts, but was stated by counsel for the plaintiff in the argument and not denied by counsel for

the defendants, that the plaintiff is not a resident of this State. It may be that the plaintiff is chargeable with knowledge of the fact that Hattie M. Hinton and her husband placed improvements on the lot, but there is no evidence that she had any knowledge of the deeds of trust given by them upon the lot, nor was the record of such deeds notice to her; and in order to charge her with such knowledge it was necessary to prove it. *Bridgewater Roller Mills Co.* v. *Strough*, 98 Va. 721, 37 S. E. 290. It is true that it is said in the agreed statement of facts "that the said Hattie M. Hinton and her husband claimed title and right of possession of the lot in question by virtue of" the deed of 1913. This was nothing more than an assertion that as between Hattie M. Hinton and the defendants she based her claim of title and of possession upon said deed. It was not an assertion that she held adversely to her mother, nor is there in the record any evidence of adverse claim on the part of Hattie M. Hinton against her mother. The relations of the parties are such that we must assume that she entered upon the property by permission.

In 1 R. C. L. 756, section 85, it is said: "As a general rule an adverse possession cannot be predicated on the possession of the parent as against a child, or on the possession of a child as against its parent.   *   *   In order that a possession of the character under consideration may become adverse, the owner must have had some clear, definite, or unequivocal notice of the adverse claimant's intention to assert an exclusive ownership in himself. In all such cases the character of the possession is a question for the jury."

Under these circumstances, we do not regard the possession of the daughter as adverse to the right of possession of the mother. The result is that the possession of the plaintiff was not ousted until the sale was made on

July 20, 1918, which was less than three years before the present action was brought on June 12, 1921.    It becomes unnecessary, therefore, for us to consider the doctrine of "tacking" which was so earnestly argued before us.

Having arrived at the conclusion that the plaintiff was entitled to a life estate in the property, and that her possession was not ousted until January 20, 1918, it follows that she is entitled to recover the possession of the property, and that the judgment of the trial court must be affirmed.

*Affirmed.*