## CIRCUIT COURT OF THE CITY OF SALEM

In re Estate of
Curry Phillips Ayers

February 10, 2012

Case No. CL11-309

By Judge Robert P. Doherty, Jr.

The Executrix filed her petition for Aid and Guidance of the Court to determine who should inherit. That question arises because the testator made his will twenty-three years before his death, and, in the interim, seven of the named beneficiaries of the estate predeceased him. His will did not contain a residuary clause. An inquiry has to be made concerning the effect on the estate of the Anti-Lapse Statute, § 64.1-64.1, Code of Virginia (1950), as amended, whether a class gift was made and whether a lapse of a devise and a bequest as at common law occurred. Finally, the Court must decide what the proportionate shares are to be given to each estate beneficiary.

No challenge is made to the will. It is valid in all respects and has been probated. The testator's intent is clear. After payment of his bills and the costs of administration of his estate, he gave his entire estate to his wife, if she survived him. She did not. He then directed that, if his wife should predecease him, the estate was to be divided into moieties, or half shares, one-half of the assets from each moiety to go to the testator's mother if she survived him and, if not, to his stepfather if he survived the testator. The other moiety or one half of the estate was to go to the testator's wife's father, if he survived the testator. The testator's mother, stepfather, and father-in-law predeceased him. Upon the failure of the above beneficiaries of each moiety to survive him, the testator's will directed that, from each moiety of his estate, one-fourth of his entire estate should go to a named beneficiary, Finese Wilbourne, who in fact survived him. From each moiety, one-eighth of the entire estate was to be given to Saint Jude's Children's Hospital, Memphis, Tennessee. The remaining one-eighth of the entire estate from each moiety was to go to the testator's wife's five nieces and nephews, all of whom the testator named. Three of those named nieces predeceased the testator. There was no residuary clause in the will, ostensibly because the

above fractional shares combine to total one hundred percent of the entire estate.

Each beneficiary of each moiety of the estate was given the same fractional share of the estate, twice, once from each moiety. That has the effect of doubling each beneficiary's share of the estate. Accordingly, Finese Wilbourne will receive a gift of one-quarter of the estate two times, for a total of one-half of the estate. The same applies to Saint Jude's Children's Hospital. It will receive one-eighth of the estate from each moiety, for a total share of one-quarter. The shares of the remaining five named nieces and nephews also double, as they were to receive their one-eighth share twice, once from each moiety, for a total share of one-quarter of the estate. That one-quarter share of the estate was to be divided equally among the five nieces and nephews so that each was to receive one-twentieth of the testator's estate if he or she survived him.

## Class Gifts

Richard N. Moore and Kenneth W. Moore are the two surviving named members of the testator's wife's nieces and nephews, that being the group that was to inherit a one-quarter share of the testator's estate. Had the testator simply said that one quarter of his estate was to go to his wife's nieces and nephews, then it would have been a class gift and that one-quarter of decedent's estate would have been divided equally between the two surviving members of the class. "[A] gift to a class is an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number." *Saunders v. Saunders*, 109 Va. 191, 194 (1909). However, "when all are named, each by his or her name in full and an equal share is given to each, the presumption is that they are to take in their individual capacity and not in their collective capacity. . . ." *Kent v. Kent*, 106 Va. 199, 205 (1906). In other words, the beneficiaries are treated as individuals and not as members of a class. In this case, because they were all named, they were not members of a class. At common law, the shares of the three potential beneficiaries who predeceased the testator would simply have lapsed. The inquiry at this stage then is whether Virginia's Anti-Lapse Statute prevents that result.

## The Virginia Anti-Lapse Statute

The Virginia General Assembly enacted legislation to prevent lapses of devises and bequests under certain circumstances. That legislation, the Virginia Anti-Lapse Statute, is contained in § 64.1-64.1. It reads as follows:

Unless a contrary intention appears in the will, if a devisee or legatee, including a devisee or legatee under a class gift, is (i) a grandparent or a descendant of a grandparent of the testator and (ii) dead at the time of execution of the will or dead at the time of the testator's death, the children and descendants of deceased children of the deceased devisee or legatee who survive the testator take in the place of the deceased devisee or legatee. If the takers are all of the same degree of kinship to the deceased devisee or legatee, they take equally. However, if the takers are of unequal degree, then those of more remote degree take by representation.

All of that means that the Anti-Lapse Statute, § 64.1-64.1, does not help save these potential bequests and devises in this case because, although all three of the testator's wife's nieces were dead at the time the testator's death, they were not a grandparent or descendant of a grandparent of the testator. They were not related to the decedent by blood in any manner. The fact that two of them had children who survived them does not alter the result.

## Residuary Clause

Had a residuary clause existed in the will and no contrary intention having been shown by the language of the will, § 64.1-65.1, Code of Virginia (1950), as amended, would have come into play. It reads in pertinent part, "if a devise or bequest other than a residuary devise or bequest fails for any reason, it shall become part of the residue." As part of the residuary, the potential one-twentieth share of the estate that was to have been given respectively to Cary Lynn Roop, Marilyn V. Francisco, and Sue V. Johnson, would have been divided equally, or as directed in the residuary clause, among the residuary legatees and devisees. However, no residuary clause was contained in the testator's will. Accordingly, those three potential one-twentieth shares of the entire estate that would have gone to the wife's deceased nieces lapsed. *See Bell v. Casper*, 282 Va. 203, 210 (2011).

## Testate Distribution, Lapse, and Intestacy

The decedent is deemed to have died intestate as to any lapsed devise or bequest. *See Bell v. Casper, supra.* Therefore, three-twentieths of decedent's estate descend as if he died without a will. A second qualification must occur. Counsel for the testate estate should consider the advantages of qualifying the estate executrix as the administratrix of the intestate estate so that the two estates do not work at cross-purposes with each other. Insofar as the testate estate is concerned, Finese Wilbourne will inherit one-half of the estate, one-quarter goes to Saint Jude's Children's Hospital, Memphis,

Tennessee, one-twentieth goes to Richard N. Moore, one twentieth goes to Kenneth W. Moore, and three-twentieths should be delivered to the administrator or the administratrix of the decedent's intestate estate.

Once a qualification occurs on the intestate estate, the administrator or administratrix would be able to file a petition for aid and guidance of the court to determine who are the heirs at law of the intestate decedent. A motion could be made to merge that new petition with this case. This pending cause should not be ended until the entire estate is completely settled so that a vehicle exists to resolve potential problems rapidly.