Opinion.

---

### Staunton.

COMMONWEALTH, FOR ETC., v. WAMPLER & OTHERS.

September 14, 1905.

1. ASSIGNMENTS—*Incidents.*—The assignment of a judgment does not carry with it, as an incident, the right to sue the sheriff and the sureties on his official bond for a breach of the condition thereof occurring prior to the assignment by reason of his failure to return, in the time and manner required by law, a forthcoming bond taken upon such judgment. The right of action against the sheriff and his sureties for his failure to discharge an official duty does not constitute a security for the debt, though it may affect the value of the judgment.
2. ASSIGNMENTS— *Virginia Statute—New Causes of Action.*—The Virginia Statute making choses in action assignable, and authorizing an assignee to maintain in his own name any action which the original obligee might have brought, does not create any new causes of action, and has no application to cases in which there is no assignment.

Error to a judgment of the Circuit Court of Wise county, in an action of debt. Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Vicars & Peery,* for the plaintiff in error.

*Ayers & Fulton,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The single question presented by this record is whether the

assignee of a judgment is entitled to maintain an action for damages against an officer and the sureties on his official bond, for a breach of the condition thereof which occurred prior to the assignment, by reason of his failure to return a forthcoming bond taken upon the judgment within the time and in the manner prescribed by statute to give such bond the force of a judgment against the obligors therein.

Upon demurrer to the declaration, the trial court resolved that question in the negative, and rendered judgment for the defendants; whereupon the plaintiff brings error.

The authorities are generally agreed that the assignment of a judgment carries with it "the cause of action on which it was based, together with all the beneficial interest of the assignor in the judgment, and all its incidents." Freeman on Judgments, sec. 431.

Upon the same principle the assignment of a note carries with it all securities provided for its payment.

The doctrine is founded upon the theory that the debt is the principal thing, and the security an accessory. They are not severable, and the security passes by virtue of the assignment as an inseparable dependent incident. *Carpenter* v. *Longan,* 16 Wall. 271, 21 L. Ed. 313.

It will be observed that the present inquiry does not involve the power of the judgment creditor to assign the right of action in question, but whether that right passed to the assignee as an incident to the assignment of the judgment.

*Citizens National Bank* v. *Loomis,* 100 Iowa 266, 69 N. W. 443, 62 Am. St. Rep. 571, is the only case to which our attention has been called which directly sustains the pretension of the plaintiff in error. In that case it was held that "the assignment of a judgment in an action in which an attachment has been allowed and property seized thereunder passes to the asignee the judgment creditor's right to recover damages of the sheriff for negligence in the care of property seized by allowing a disposition to be made of it."

The reasoning upon which that decision is based is not satisfactory. It proceeds upon the false premise that the right to sue for the breach of official duty must exist somewhere, and as the assignor cannot sue, having parted with the judgment, the right of action must rest in the assignee—whereas, we apprehend, it appears by the weight of authority, that the right of action for the previous breach of duty by the officer, is a mere personal right which appertains to the judgment creditor.

The right to recover damages for the tort, it is true, is an incident to the judgment in the qualified sense that it belongs to the owner of the judgment at the time the injury is committed; but it is separate and distinct from the right to the judgment, both in its character and in respect to the persons liable to respond in damages for the wrong. It is a collateral right, over which the judgment creditor possesses exclusive dominion, which he may enforce or forbear to enforce, and may assign or withhold at pleasure.

The assumption, therefore, that the right to sue the officer exists in the assignee of the judgment, proceeds upon the hypothesis that it is such an incident as must necessarily pass by the assignment of the judgment, a conclusion which the authorities do not sustain.

Bouvier, in defining the word "incident," observes, "This term is used both substantively and adjectively of a thing which either usually or naturally and inseparably, depends upon, appertains to, or follows another that is more worthy. For example, rent is usually incident to a reversion (1 Hill R. P. 243); while the right of alienation is necessarily incident to a fee-simple at common law, and cannot be separated by a grant. 1 Washb. R. P. 54. So a court baron is inseparably incident to a manor, in England; Kitch. 36; Co. Litt. 151.

"All nominate contracts and all estates known to common law have certain incidents which they draw with them and which it is not necessary to reserve in words. So the costs incurred in a legal proceeding are said to be incidental thereto." 1 Bouv. L. D. (Rawles Rev.) 1006.

It will be seen from the foregoing definition and illustrations, that the distinguishing characteristic of an *incident* consists in the fact that it "usually or naturally and inseparably depends upon, appertains to, or follows" its principal.

The distinction as to what does and what does not pass by incidental assignment is, in some instances, nice and difficult to draw, but in order for it to pass the incident must, in a legal sense, constitute a security for the debt, and that can hardly be predicated of a mere collateral right of action against a public officer for a *quasi* tort in failing to discharge an officialy duty, although his misconduct may affect the value of the judgment.

Accordingly, the Supreme Court of Kentucky, upon a similar state of facts, held that the assignment of a judgment could not operate to transfer the right to recover for such an injury, for a right to compensation for such an injury, and the right to the judgment, are separate and distinct rights. They are separate and distinct not only in their origin and nature, but in relation to the persons against whom they must be asserted. The right to compensation for the injury, may, indeed, be said to be incident to the right to the judgment in one sense, for it must necessarily belong to the person who was entitled to the judgment at the time the injury was done, but it is clearly not not such an incident as must necessarily pass by the assignment of the judgment." *Com'th for, &c.,* v. *Fuqua,* 3 Little (Ky.) 41.

In *Redmond* v. *Staton* (N. C.), 21 S. E. 186, it was held that the "clerk of the court is liable for damages to a judgment creditor arising from his failure to properly index the judgment, so as to render it a lien on the judgment debtor's lands. The mere assignment of a judgment does not carry with it a right of action which has accrued to the judgment creditor against the clerk of the court for his failure to properly index the judgment, so as to render it a lien on the judgment debtor's lands." The court then cites with approval the case of *Timberlake* v. *Powell* (N. C.), 5 S. E. 410, as analogous au-

thority, where the court says: "The present suit is not upon the judgment, but upon an alleged independent liability incurred by other tort-feasors . . . The cause of action is separate and distinct from that involved in the former adjudication, and is outside the scope of the assignment."

In *Robinson* v. *Town,* 30 Ga. 818, the court held that the assignment of the judgment did not pass any interest in the money which the sheriff had previously collected on the judgment. The court, at page 821, observes: "It was said that the plaintiffs could not maintain the suit, because they had parted with their interest by the assignment. They did part with their interest in the further enforcement of the judgment, but not with their interest in their money which the sheriff had previously collected. The assignee acquired and they lost the right to enforce the judgment as it stood at the time of the assignment, that is, the right to collect what was still due at the time of the assignment out of the defendants in it. Money previously collected and held by the sheriff would not be reached by the exercise of the assingee's right of enforcing the judgment, for such money was the fruit of the previous enforcement of the judgment to that extent. Such money constitu- by a rule or suit against him." See also *Central R. & B. Co.* v. *Brunswick & Western R. Co.,* 87 Ga. 386, 13 S. E. 520.

While the Virginia statute has enlarged the rule of the common law so as to make choses in action assignable, and authorizes the assignee to maintain in his own name any action which the original obligee, etc., might have brought, it does not create new causes of action, and has no application to cases in which there is no assignment.

It would, in our judgment, be impolitic to extend the scope of the statute by judicial construction so as to allow the assignment of a chose in action to invest in the assignee, as an incident, a litigious right against a third party to recover damages for an injury which accrued prior to the assignment.

The conclusion reached in this case is not in conflict with the

decision in *National Valley Bank* v. *Hancock,* 100 Va. 101, 40 S. E. 611, 57 L. R. A. 728, 93 Am. St. Rep. 933, where the court recognizes the established general doctrine that a mere right *in litem* is not the subject of incidental assignment, but enforces a qualification of the rule called for by the facts of the particular case. In that case the debtor, without consideration, in the interest of his children, devested himself of property to the prejudice of creditors. The diversion as to them was void, and hence they, or their assignees, had the right to follow the property, or its proceeds, and subject it to their debts in the hands of the alienee. The debtor's individual liability and diverted property were securities for the debt, and passed as incidents to the assignment.

The case under consideration is wholly different. The effort is not to hold the debtor or his property liable, but to maintain an action to recover damages on an individual liability of a third person to the judgment creditor.

The judgment complained of is without error, and must be affirmed.

*Affirmed.*