### 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## PRINCE V. BARHAM AND OTHERS.

### June 10, 1920.

1. WILLS—*Executory Devise.*—By the first clause of his will the testator *loaned* to his daughter H. certain real property. By the fourth clause he provided that should his daughter H. die, leaving no children, the property loaned her, "I leave in trust to Samuel C. Hood, trustee for the benefit of my daughter Virginia A. Barham and children, to be managed as directed in regard to all the property loaned her."

   *Held:* That the interest devised by the fourth clause in the will was an executory devise.

2. WILLS—*Executory Devise—Conveyance of Executory Devise.*—An executory devise stands upon precisely the same footing as contingent remainders in so far as transmissibility of the subject thereof is concerned, and an interest in such subject may be conveyed (certainly by virtue of such a statute as sec. 2418 of the Code of 1887 of Virginia) prior to the happening of the contingency upon which the interest is appointed by the will to vest in right of possession, provided the grantor has at the time of conveyance a possibility of taking coupled with an interest; and this he has, according to the authorities, if he, at such time, is *an ascertained person to take* under the devise. And he is such an ascertained person if he is designated by name or by class, all of which class are to take, and one of which he is.

3. WILLS—*Executory Devise—Assignable in Equity and at Law.*— Where a possible taker under an executory devise is designated by class, and he should die before the testator, if the will speaks as of that time in designating the person to take, the survivors of the class will take; but if he survives such time, his interest, under an executory devise, equally as if it were a contingent remainder, is descendible, and assignable in equity, and also at law, certainly by virtue of the statute (section 2418, Code of 1887) in Virginia. Many of the authorities hold that the same is true at common law since the statute of uses and of wills dispensing with livery of seisin.

4. WILLS—*Executory Devise—Assignable in Equity and at Law.*—In

such case, it is true, the interest which is thus transmissible may be reduced in *quantum, pro tanto,* by the number in the class being increased, as permitted by the terms of the will; for example, by after-born children (when children of a certain person is the designation of the class), pending the happening of the event appointed for the vesting of the estate in possession.

5. WILLS—*Time of Taking Effect—Executory Devise—Case at Bar.*—By the first clause of his will the testator *loaned* to his daughter H. certain real property. By the fourth clause he provided that should his daughter H. die, leaving no children, the property loaned her, "I leave in trust to Samuel C. Hood, trustee for the benefit of my daughter Virginia A. Barham and children, to be managed as directed in regard to all the property loaned her."

  *Held:* That the fourth clause of the will speaks as of the death of the testator in its designation of the persons, to take the subject of the devise, and that the children of Virginia A. Barham living at testator's death, and such as might be afterwards born before the death of H., leaving no children, were the objects of the executory devise as designated in the will.

6. WILLS—*Executory Devise—Time at Which Will Speaks—Executory Seisin—Case at Bar.*—It was argued that the word "managed," in the fourth clause, when construed with the other clauses in the will, providing for the division of the property left to Virginia A. Barham equally among her living children and the descendants of those deceased taking *per stirpes,* and for the property devised and bequeathed to her to be held by a trustee during her life and not to be subject to her husband's debts, should be given the meaning of "divided," but the court was of the opinion that it could not be given such meaning, and even if the word "managed" could be treated as equivalent to the word "divided," the result would have been the same.

7. WILLS—*Conveyance of Executory Devise—Case at Bar.*—One of the children of Virginia A. Barham living at the death of the testator was an ascertained person to take under the devise, as set out in syllabus five, and consequently took a possibility coupled with an interest in his share of the devise, which share passed under his deed of all his interest under the will.

8. REMAINDERS, REVERSIONS AND EXECUTORY INTERESTS—*Early Vesting Favored.*—The early, rather than deferred, vesting of estates and of rights of expectancy is favored in the law, and that construction of the language of a will should be adopted which favors the former result.

Appeal from a decree of the Circuit Court of Sussex county.  Decree for complainants.  Defendant appeals.

*Reversed and remanded.*

This is a suit for partition of certain land devised by the 4th clause of the will of Benjamin Prince, dec'd.  The will is as follows:

"In the name of God, amen, I, Benjamin Prince, of the county of Sussex and State of Virginia, do make this my last will and testament in manner and form following:

"Ist. I give to my daughter, Henrietta Bailey, two beds and furniture, to her and her heirs forever.  I also loan to my said daughter all my land lying west of the public road, beginning at the path, the dividing line between my land and that of James H. Mangum, deceased, to the fork of the road, then straight line South to the poplar Swamp. Supposed to be six hundred acres, more or less.

"2d. I leave to Samuel C. Hood, in trust for the benefit of my daughter Virginia A. Barham and her children the balance of the Massenburg tract of land, at her death.  I desire the property loaned her to be equally divided among all her living children and the descendants of those deceased taking *per stripes.*

"3rd. It is my will and desire that my executor hereinafter named, sell the balance of my land and perishable estate of every description, and the proceeds arising from the sale thereof, I wish divided in the following manner, viz: One-half I give to my daughter Henrietta Bailey, to her and her heirs forever, the other half of said money, I leave in trust to Samuel C. Hood for the benefit of my daughter, Virginia A. Barham and children to be by him deposited in some bank under an order of court the interest to

be paid simi-annually to my daughter V. A. Barham for the benefit of herself and children, but not to be subject to any debt her husband may owe or contract. And at the death of my daughter Virginia Ann to be divided in the same way as is directed of the land mentioned in the 2nd clause.

"4th. Should my daughter Henrietta Bailey die leaving no children the property loaned her, I leave in trust to Samuel C. Hood, trustee for the benefit of my daughter Virginia A. Barham and children to be managed as directed in regard to all the property loaned her.

"5th. I hereby constitute and appoint my friend Samuel C. Hood, executor of this last will. Given under my hand and seal this 28th day of April, 1875. Signed, sealed and acknowledged in the presence of Jno. Prince, E. P. Bailey."

BEN PRINCE    (Seal)."

At the date of the will and at the death of the testator (his death occurring within a year after the date of the will) his daughter, Virginia A. Barham, and her son George P. Barham, and other children of hers, were living, as was also Henrietta Bailey. There were no children born to Virginia Barham after the death of the testator.

In 1884 George P. Barham executed a deed of trust to secure the payment of certain indebtedness of his and by this deed undertook to convey one-third undivided interest in said land involved in this partition suit, subject "to the life interest of Mrs. Henrietta Bailey," as having "passed to (him) under the will of Benjamin Prince, dec'd * * *."

The deed contained no clause of general warranty.

The deed was foreclosed in 1904 and the appellant, Mrs. Hannah B. Prince, became the purchaser of such undivided interest at the sale thereunder and the trustee by deed dated in that year conveyed such interest to her, if it was such an interest as could be and was conveyed by the aforesaid deed from George P. Barham.

59

Virginia A. Barham died in 1908 intestate, and "at her death" left surviving her the said George P. Barham and certainly one other child, the said Hannah B. Prince, and either another child or her descendants—as the record discloses that another child, Patsie Bailey, died leaving children as her descendants, but whether such death occurred before or after the death of her mother we do not find distinctly stated in the record and it is not material to the decision on this appeal.

George P. Barham died in 1910, intestate, leaving children surviving him who are the appellees.

Henrietta Bailey died in 1915, over eighty years of age, leaving no children. Her only child died at the age of six, many years before.

The appellees, the children of George P. Barham, however, and his sister, the said Hannah B. Prince and the children of the said Patsie Bailey survived the said Henrietta Bailey, and hence were the parties living at her death.

The decree under review held that the appellees under the will aforesaid, are entitled to the one-third interest in controversy in the land.

*R. H. Mann* and *W. B. Cocke*, for the appellant.

*R. W. Arnold, Plummer & Bohannan* and *Buford & Peterson*, for the appellees.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

[1] The interest in question was devised by the 4th clause of the will of Benjamin Prince above set forth. This is an executory devise.

[2-4] All of the authorities agree, however, that an executory devise stands upon precisely the same footing as con-

tingent remainders in so far as transmissibility of the subject thereof is concerned; and that an interest in such subject may be conveyed (certainly by virtue of such a statute as section 2418 of the Code of 1887 of Virginia) prior to the happening of the contingency upon which the interest is appointed by the will to vest in right of possession, provided the grantor has at the time of conveyance a possibility of taking coupled with an interest; and this he has, according to the authorities, if he, at such time, is *an ascertained person to take* under the devise. 2 Minor's Inst. (4th ed.) 421-2; 1 Minor on Real Prop. section 804, p. 889; 16 Cyc. 653; 4 Kent's Com. 263, 285. And he is such an ascertained person if he is designated by name, or by class, all of which class are to take and one of which he is. 2 Jarman on Wills (6th Am. Ed.) top pp. 168-170; 16 Cyc. 653; 1 Minor on Real Prop. section 749, 826; 2 Minor's Inst. (4th ed.) 463; *Chess' Appeal,* 87 Pa. 362, 30 Am. Rep. 361; *Jones* v. *Roe,* 3 T. R. 88; *Jackson* v. *Waldron,* 13 Wend. (N. Y.) 178. Where a possible taker is thus designated by class and he should die before the testator, if the will speaks as of that time in designating the person to take, the survivors of the class will take (*Saunders* v. *Saunders,* 109 Va. 191, 63 S. E. 410) ; but if he survives such time, his interest, under an executory devise, equally as if it were a contingent remainder, is descendible (*Medley* v. *Medley,* 81 Va. 265), devisable (2 Minor's Inst. 421 and other authorities above cited), and assignable in equity, and also at law, certainly by virtue of the statute aforesaid in Virginia (2 Minor's Inst. 422; 1 Minor on Real Prop., section 804, p. 889. See also Graves' Notes on Real Prop., sections 189, 190) ; many of the authorities holding that the same is true at common law, since the statute of uses and of wills dispensing with livery of seisin—4 Kent's Com. 263, 285 and notes; *Jackson* v. *Waldron,* 13 Wend. (N. Y.) 178; 16 Cyc. 653. In such case, it is true, the interest which is thus

transmissible, may be reduced in *quantum, pro tanto,* by the number in the class being increased, as permitted by the terms of the will; for example, by after-born children (when children of a certain person is the designation of the class), pending the happening of the event appointed for the vesting of the estate in possession. 2 Jarman on Wills, *supra* (top pp. 168-170; 16 Cyc. 653). But the latter rule of law is of no practical importance in the case before us, since there were no children of the class here in question who were born after the date as of which the will speaks on this subject, as we construe it, and before the event happened upon which the executory devise took effect by the vesting the right of possession. It is mentioned merely to clarify our meaning in what is said above on the subject of the objects of an executory devise taking a transmissible interest in the contingent estate.

2. The single ultimate question involved in this case is whether the conveyance made by George P. Barham in 1884, under which the appellant claims, operated to pass the contingent interest of George P. Barham attempted to be conveyed thereby?

[5-8] 3. As follows, however, from what we have said above of the law bearing upon the subject, the decisive question for determination is whether the 4th clause of the will speaks as of the date of the death of Henrietta Bailey, or as of some other date when George P. Barham was living, in its designation of the objects of the devise, *i, e.,* the persons to take the subject of the devise made by such clause?

It is strongly argued by counsel for appellees that the 4th clause must be read along with the 2nd and 3rd clauses of the will—and especially with the 2nd clause. That when so read and construed the conclusion must be reached that the will speaks as of the time of the event of the death of Henrietta Bailey leaving no children, in designating the

objects of the devise. That, hence, the same contingency which creates the uncertainty of the event of the devise ever taking effect in possession, also creates the uncertainty as to the persons to take; and that the persons to take, as designated in the will, are the children of Virginia A. Barham, and the descendants of those deceased, who should be living at the death of Henrietta Bailey leaving no children. And the cases of *Smoot* v. *Bibb*, 124 Va. 28, 97 S. E. 355; *Bristol* v. *Atwater*, 50 Conn. 402; *DeWolf* v. *Middleton*, 18 R. I. 810, 26 Atl. 44, 31 Atl. 271; 31 L. R. A. 146, and *Pinkham* v. *Blair*, 57 N. H. 226, are cited on this point.

In *Smoot* v. *Bibb*, the deed unquestionably fixed upon the time of the death of the holder of the preceding estate as the time for the ascertainment of the persons to take the contingent remainder. It necessarily followed, as was there held, that only those persons who were in existence at that time could take under the devise in question. This was the extent of the holding in that case.

Precisely the same is true of the express provisions of the wills involved in all of the other cases next above mentioned, which are cited and relied on by appellees as aforesaid.

The will before us is distinctly different.

And even if the word "managed" could be given a meaning of "divided," which in its context would operate to devise the contingent estate, which is the subject of the 4th clause of the will, to those children of Virginia A. Barham who were living at a certain time and descendants of her deceased children who were living at the same time, and to such persons only, that time, as expressly designated in the will, upon giving it the most favorable construction for appellees on this subject, would have been at the death of Virginia A. Barham, and not at the death of Henrietta Bailey leaving no children. In such case a similar question would have been presented for decision as that involved in

the case of *Wilson* v. *Langhorne*, 102 Va. 631, 47 S. E. 871, and the principle involved in the holding in that case would be decisive of the instant case against the appellees.

However, we do not think, upon looking to the whole will, that the word "managed" can be given a meaning of "divided." The will uses both words, but uses the former in the 4th clause only, the latter only in the 2nd and 3rd clauses. The manifest purpose of the trust created to embrace the interests which the daughter, Virginia A. Barham, a married woman, would acquire under the will, was to shield such interests from any debts her husband might owe or contract. The interposition of the trustee was plainly for that purpose. The word "managed" in the 4th clause of the will seems clearly to refer only to the action of the trustee during the lifetime of such daughter. Whereas, the word "divided," as used in the 2nd and 3rd clauses of the will, refers to divisions to be made by others, since the trusteeship would at the time of such divisions be at an end, the parties to participate in such divisions being then entitled so to do in absolute right of ownership. The trustee was to so manage "all the property" which this daughter might take under the will, as that during her lifetime it should (as expressed in the will) "not be subject to any debts her husband may owe or contract." Such would be the ordinary and usual meaning of the word "manage," when used in a direction to a trustee to carry out such a purpose. When it came to the division of the property after the death of the daughter that was another matter. It is true that in the second and third clauses of the will language is used (if the will in these clauses is to be taken to speak as of the time of the death of Virginia A. Barham in its designation of her children who were to take, and not as of the time of the death of the testator—which, however, is not free from doubt), which, under the settled construction which the authorities have given to that phraseology,

would be construed to devise a contingent remainder to the children of the daughter and the descendants of those deceased who should survive her. The word "divided," as it is used in such context in the 2nd clause of the will might have that meaning; although without such context it would have rather a contrary significance, referring to the carrying into effect in possession of previously existing property rights. But any one reading the will as a whole can but feel that such a meaning may be an artificial meaning when it is given to the 2nd and 3rd clauses of this particular will. One feels that it may have been the actual intention of the testator that the daughter, Virginia A. Barham, should take a life estate in all the property which might become vested in right in her during her life, with remainder or limitation over in fee, or absolutely to all of her children. One feels that, but for the provisions intended to create the trust aforesaid, the whole will would probably have been clearly so drawn. That is to say in all parts of it affecting them the devise would probably have been unquestionably to Virginia A. Barham for life with remainder, or limitation, over to her children, as aforesaid. But if such was the actual intention of the testator, it was not unquestionably so expressed in the 2nd clause of the will. The proper construction of the 2nd and 3rd clauses upon the point under consideration would greatly depend upon whether there is a period after the words "at her death" in the second clause, as is true of the will as shown in the printed record, which is copied above, or a comma following those words, as is true of the will as shown in the petition for the appeal. In our view of the case, however, it is unnecessary to decide whether the language of the 2nd clause of the will creates a vested remainder in the children of Virginia A. Barham living at the death of the testator or a contingent remainder in such of the children and their descendants as should be living at the death of

Virginia A. Barham. For, when we come to the 4th clause we find no language which incorporates in that clause the word "divided," with its context as found in the 2nd clause of the will. There is sufficient, as aforesaid, in the other parts of the will to satisfy the meaning of the word "managed" without the need of giving to that word any other than its ordinary and usual meaning aforesaid; and we are not there confronted with language used by the testator which might have a settled meaning different from what we believe was probably his actual meaning. We, therefore, find ourselves at liberty to give to the language used in the 4th clause both what we believe to have been the probable actual meaning of the testator and also the meaning which the language used itself imports.

These views are strengthened by the further consideration that the omission of the words, "and divided" after the word "managed" in the 4th clause of the will, which the court is, in effect, asked to supply by its interpretation, at least renders it doubtful whether the testator intended to use the word "managed" with the meaning of "managed and divided," or of "managed" only. In this situation of doubt, if the arguments were as strong for the adoption of the former as for the latter meaning—which we do not think is the case—since the early rather than deferred vesting of estates and of rights of expectancy are favored in the law, that construction of the language of the will should be adopted which favors the former result.

We should perhaps also remark that the word "managed," when construed along with other language in the will, serves the further purpose of expressing the intention of the testator to devise to Virginia A. Barham a life estate only in whatsoever she might take under the will; thus creating an interest in her children, and taking the case out of the operation of the line of decisions in Virginia on the subject of the effect of certain language in a devise to a woman and her children.

The above being our conclusions as to the meaning to be given to the word "managed," we are of opinion that the 4th clause of the will speaks as of the death of the testator in its designation of the objects, *i. e.,* of the persons to take the subject of the devise made by such clause; and that the children of Virginia A. Barham living at testator's death, and such as might be afterwards born before the death of Henrietta Bailey, leaving no children, were the objects of the executory devise as designated in the will.

Since George P. Barham was one of the children of Virginia A. Barham, and was living at the death of the testator, the further conclusion necessarily follows that he was then an ascertained person to take under the devise, and consequently thereupon took a possibility coupled with an interest in his share of the devise, so that the same passed by his subsequent deed.

Hence, as of the time of suit brought, as between the appellees, the heirs at law of George P. Barham, deceased, and the appellant deriving title under said deed, the latter is entitled to such interest which became vested in right of possession on the death of Henrietta Bailey, leaving no children.

The decree under review must therefore be reversed, and the cause will be remanded for further proceedings not inconsistent with the views expressed in this opinion.

PRENTIS, J., concurring in the result:

Even if the fourth clause of the will, instead of using the word "managed," had used the same language as that employed in the second and third clauses, and had specifically devised the property (subject to the defeasible fee) to the trustee for the benefit of Virginia A. Barham and at her death to be divided between her surviving children and the descendants of those deceased, taking *per stirpes,* still the same result would follow. George P. Barham's interest

would then have been contingent upon his survival of his mother. As, however, his mother died first, his interest accrued upon her death; his children and heirs at law are bound by his deed; and his interest belongs to the appellee who claims thereunder.

*Reversed and remanded.*