### 20573. TRULOCK *et al. v.* LAMB *et al.*

JENKINS, P. J. 1. While a right of action may arise in favor of a plaintiff in execution against a sheriff and the sureties on his official bond for a breach of duty by the officer in surrendering to a claimant property levied upon under the execution, without requiring a forthcoming bond (Civil Code of 1910, § 291), and while such a right of action may be assignable (*Sullivan* v. *Curling,* 149 *Ga.* 96, 99 S. E. 533, 5 A. L. R. 124) ; *Virginia-Carolina Chemical Co.* v. *Rachels,* 41 *Ga. App.* 221, 152 S. E. 308), a right of action thus arising does not pass by a mere subsequent assignment of the execution itself. *Robinson* v. *Towns,* 30 *Ga.* 818; Commonwealth *v.* Wampler, 104 Va. 337 (51 S. E. 737, 1 L. R. A. (N. S.) 149; 113 Am. St. R. 1039, 7 Ann. Cas. 422).

2. In the instant suit on the official bond of a sheriff, where it appeared from the allegations of the petition that the plaintiffs acquired title to the execution in question subsequent to any breach of official duty by the sheriff and subsequent to the disposition of the claim case out of which any right of action against the sheriff on his official bond arose, the court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*

DECIDED JANUARY 15, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*John R. Wilson, P. D. Rich,* for plaintiffs.
*J. C. Hale, R. G. Hartsfield,* for defendants.