## Richmond

## Kelly Health Care, Inc.

### v.

## The Prudential Insurance Company of America, Inc.

December 2, 1983.

Record No. 810911.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Gordon, Retired Justice.

*L. Neil Steverson (Spinella, Owings, Jackson & Steverson,* on brief), for appellant.

*Virginia W. Powell (Lewis T. Booker; Hunton & Williams,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The principal issue raised by this appeal is whether a health care provider was an assignee of benefits payable to an insured under a health insurance policy and, as such, entitled to recover against the insurer.

William Green was insured under a group health insurance policy issued by the Prudential Insurance Company of America. Green's wife, covered as a dependent under the policy, incurred certain expenses as a patient in a facility operated by Kelly

Health Care, Inc. Kelly submitted bills to Prudential which Prudential refused to pay. Kelly sued both Prudential and Green. The trial court entered a default judgment for Kelly against Green, but Kelly pursued its claim against Prudential on the theory that Kelly was Green's assignee.

As proof of an assignment, Kelly relied upon two documents drafted by Kelly and signed by Green. The first provided:

PAYMENT AGREEMENT FOR CONTRACTED SERVICES

I understand that nursing services provided to Joan Green by Kelly Health Care, Inc. may be paid directly to Kelly Health Care, Inc., by Prudential Insurance Co. under policy or contract number ___. I accept full responsibility and will pay for all or any part of the services to the above patient not paid to Kelly Health Care, Inc., by the above insurance company within 15 days of the billing date.

The second document provided:

AUTHORIZATION OF BENEFITS TO KELLY HEALTH CARE

I hereby authorize payment directly to Kelly Health Care . . . of the nursing service benefits, if any, otherwise payable to me for their services as described below.

In a bench trial, Prudential moved for summary judgment on the pleadings, admissions, stipulation of facts, and legal memoranda. The parties stipulated that there was "no evidence showing delivery of [the first] document to the defendant Prudential", and it appears that the second document was not delivered to Prudential until several months following commencement of the services for which Kelly claimed payment. The trial court ruled that the documents constituted an authorization rather than an assignment, granted Prudential's motion for summary judgment, and dismissed Kelly's action against Prudential with prejudice.

As framed in Kelly's assignment of error, the principal issue on appeal is whether "[t]he Court erred in . . . ruling that the plaintiff did not have a valid assignment of benefits to the in-

surance policy of William J. Green."* The subject matter of the alleged assignment is a contingent entitlement to certain benefits, *i.e.,* an entitlement which may or may not vest sometime in the future. That entitlement, however, is one coupled with an interest, an interest derived from contract. As such, it is a proper subject of assignment. *See Prince* v. *Barham,* 127 Va. 462, 467, 103 S.E. 626, 627 (1920). And an assignee of a non-negotiable chose in action has standing to "maintain . . . in his own name any action which the original . . . contracting party might have brought". Code § 8.01-13.

But this statute "has no application to cases in which there is no assignment." *Commonwealth* v. *Wampler,* 104 Va. 337, 341, 51 S.E. 737, 738 (1905). The trial court ruled, and we agree, that there was no assignment, legal or equitable, in this case. An assignment is a transfer, but a transfer is not necessarily an assignment. If the transfer is less than absolute, it is not an assignment; the obligee must have intended, at the time of the transfer, to dispossess himself of an identified interest, or some part thereof, and to vest indefeasible title in the transferee. *See* Restatement (Second) of Contracts § 317(1) (1981).

The intention of the assignor is the controlling consideration. The intent to transfer a present ownership of the subject matter of the assignment to the assignee must be manifested by some word, written or oral, or by some act inconsistent with the assignor's remaining as owner. This has sometimes been called a "present appropriation." *The assignor must not retain any control over the fund or property assigned, any authority to collect, or any form of revocation.*

*Nusbaum and Co.* v. *Atlantic Realty,* 206 Va. 673, 681, 146 S.E.2d 205, 210 (1966) (emphasis added) (citations omitted).

---

* In the "question presented" on brief, Kelly invokes Code § 38.1-346.1. Kelly argues that under that statute "[t]he distinction . . . between an assignment of benefits and an authorization of payment is moot in Virginia". As we understand Kelly's argument, the statute vests in a stranger to an insurance contract a new cause of action against the insurer, even though the insured has not made a valid assignment of benefits. But the statute is designed, not to burden an insurer, but rather to protect it against double payment when both the insured and his assignee file claims for the same benefits. The notice proviso simply withholds that protection when the insurer has the knowledge necessary to protect itself.

Under this definition, the appointment of an agent or the grant of a power of attorney cannot qualify as an assignment. Both are revocable, and the latter expires at the grantor's death. One of the documents upon which Kelly relies does no more than appoint Kelly as Green's special agent with authority to collect payments from Prudential as Green's entitlement falls due. The other document granted Prudential authority in the nature of a power of attorney to make such payments.

> [A] mere communication to the holder of the fund (the obligor), containing no words of present assignment and merely authorizing and directing him to pay to a third party, may properly bear the interpretation that it is a mere power of attorney to the obligor himself, empowering him to effectuate a transfer by his own subsequent act. With this interpretation, the communication to the obligor is not an assignment; and, like most other powers of attorney, it is revocable by its creator and it is terminated by its creator's death.

4 Corbin on Contracts § 862 (1951) (citations omitted).

As an alternative theory, Kelly argues that it is entitled to recover against Prudential as "a third party beneficiary under Prudential's insurance policy with Mr. Green." We disagree.

> The third party beneficiary doctrine is subject to the limitation that the third party must show that the parties to the contract clearly and definitely intended it to confer a benefit upon him.

*Professional Realty* v. *Bender,* 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976); *accord Forbes* v. *Schaefer,* 226 Va. 391, 310 S.E.2d 457 (1983). An incidental beneficiary has no standing to sue. *Valley Company* v. *Rolland,* 218 Va. 257, 260, 237 S.E.2d 120, 122 (1977); *Richmond Center* v. *Jackson Co.,* 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979).

Kelly did not allege and does not argue that Prudential and Green "clearly and definitely" intended to confer the benefits of Green's policy upon it. Indeed, it could not. Kelly was only one member of a large class of health care providers. At best, Kelly was a potential and incidental, and never the intended, beneficiary of the contract.

Finding no error below, we will affirm the judgment.

*Affirmed.*

GORDON, R.J., dissenting.

Kelly appeals a summary judgment. We must therefore assume, as alleged by Kelly, that Prudential owes money to its insured, Green, and Green owes money to Kelly.

Under an instrument signed by Green and delivered to Prudential, Green authorized Kelly to receive and pocket the money Prudential owes. Green by his pleading admits he signed "a claim form and assignment" to Kelly. A letter from Prudential calls the instrument an "assignment of benefits."

Upon a remand, this suit offers the facility to do full justice. That facility should in my opinion be accommodated.

Green intended the instrument to be an assignment, and Prudential so regarded it. I would carry out the intent, rather than stick to a legal nicety.

Code § 8.01-13 affords another reason for reversal. Under that statute the beneficial owner, as well as an assignee, may maintain in his own name any action that the original contracting party might have brought. A beneficial owner includes a subrogee, so that an insurance carrier may bring an action against a tort feasor after making settlement with the other wrongdoer. *Nationwide Ins. Co. v. Minnifield,* 213 Va. 797, 196 S.E.2d 75 (1973).

Under *Nationwide* a person that is a mere subrogee by virtue of a payment is a beneficial owner. Kelly, though not a subrogee, has the sole and undisputed right to receive the payment Prudential owes. It follows that the instrument delivered to Prudential made Kelly the beneficial owner, entitled to maintain this suit.