## CIRCUIT COURT OF THE CITY OF NORFOLK

Children's Hospital
of the King's Daughters, Inc.

v.

Newport News Shipbuilding & Drydock Co.
and Tenneco, Inc.

March 24, 1986

Case No. (Law) L86-523

By JUDGE JOHN W. WINSTON

Plaintiff was the health care provider which furnished hospital care and supplies to children of employees of defendant, Newport News Shipbuilding. At the time of admission, those employees guaranteed payment of all such charges and assigned to Children's Hospital "all hospital insurance benefits--for the above patient unless I/we pay the patient's account in full upon discharge." Under its health benefits plans Newport News Shipbuilding, a self-insurer, is obligated to pay for certain hospital expenses incurred by its employees and their designated dependents. Here Newport News Shipbuilding has paid some of these expenses, has declined to pay others. As assignee of their employee subscribers, Children's Hospital here seeks to recover directly from Newport News Shipbuilding the balance of the bills presented for these expenses.

To these allegations set out in plaintiff's Motion for Judgment, the defendant Newport News Shipbuilding has demurred. Its position is that since no judgments have yet been obtained by Children's Hospital against the employee parents who placed their children in the hospital and guaranteed payment of their bills there, this suit is premature. First a judgment must be obtained and then only may Newport News Shipbuilding be sued. For Newport News Shipbuilding is an indemnitor under its health plans and not a primary obligee to the provider.

Clearly under the allegations in the Motion for Judgment any employee covered by one of the plans and who was required to pay a health care provider or who chose to do so voluntarily could seek recovery of any such payment from Newport News Shipbuilding. Such employee could be so indemnified if the terms of the plan were met. Here the health care provider has obtained an assignment of its claims from such employees and now looks directly to Newport News Shipbuilding for payment.

The validity of assignments of causes of action is a question of law. For reason of public policy they are invalid in tort liability cases. *Hudgins* v. *Jones*, 205 Va. 495 (1964). But other types of assignments are allowed. Virginia Code § 8.01-26 authorizes assignments in connection with causes of actions for damage to real and personal property and for those arising out of contracts. (Medical payment situations involving automobile insurance contracts are an exception. See Virginia Code Section 38.1-381.2.)

No statute or case in Virginia has been cited to support a holding that assignments of causes of action are not valid in health care contract situations such as the one under consideration. Indeed, it seems that our Supreme Court recognized in *Kelly Health Care* v. *Prudential*, 226 Va. 376 (1983), that one can be the basis for a direct third party action though the Court was not required to so hold because no assignment existed there.

Despite what may be considered a contrary ruling by another judge of this Court (in a companion suit to this one), I feel and find that a valid assignment has been alleged by plaintiff. Of course, if the allegation is not supported by the evidence, a motion for summary judgment may later be in order.

This is not to say that plaintiff may also proceed against Newport News Shipbuilding directly on any other basis than that of an alleged assignment of the causes of action. I will consider limiting discovery and trial evidence which goes beyond the assignment theory if requested in the future to do so.

Finally, Tenneco, Inc., will not be dealt with here since counsel report that it will be dismissed from this suit without prejudice.

[Counsel may] present [an] order overruling [the] demurrer as to Newport News Shipbuilding.