801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Billy H. HARBOUR, Debtor.
Donald W. HUFFMAN, Appellant,
v.
HOPKINS-LEWIS COMPANY, Appellee.
In re Billy H. HARBOUR, Debtor.
Donald W. HUFFMAN, Appellee,
v.
HOPKINS-LEWIS COMPANY, Appellant.
 Nos. 85-2010(L), 85-2034.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1986.
Decided Sept. 17, 1986.
 
 Nate L. Adams, III (Donald W. Huffman, Bird, Kinder & Huffman, on brief), for appellant.
 Alexander W. Bell (Bell, Morrison & Spies, on brief), for appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this appeal, a trustee in bankruptcy and an insurance adjuster dispute entitlement to $13,990.90, ten percent of the proceeds of a fire insurance policy owned by the debtor, Billy Harbour. Although the bankruptcy court held for the trustee, the district court decided that the proceeds were taken out of the estate by a pre-petition assignment to the insurance adjuster, Hopkins-Lewis. We affirm the district court's decision that Hopkins-Lewis is entitled to the funds.
 
 I.
 
 2
 In January 1982, a building owned by Harbour was destroyed by fire. On January 22, 1982, Harbour and Hopkins-Lewis entered into a contract under which Harbour "assign[ed] and authoriz[ed] direct payment to" Hopkins-Lewis of ten percent of the amount recovered from the insurance company, in return for adjustment services. The insurance company was notified that Hopkins-Lewis was a "party in interest."
 
 
 3
 After the agreement was signed but before the majority of adjustment services were performed, a Chapter 7 petition in bankruptcy was filed against Harbour. See Bankruptcy Code, 11 U.S.C. Secs. 701-766 (1982 & Supp. II 1984). The bankruptcy was swiftly converted into a Chapter 11 proceeding. See id. Secs. 1101-1174 (1982 & Supp. II 1984) .
 
 
 4
 The bankruptcy trustee and Harbour, the debtor-in-possession, did not protest while Hopkins-Lewis completed adjustment services. A settlement of over $130,000 resulted, ten percent of which Hopkins-Lewis claims under its pre-petition agreement with Harbour.
 
 II.
 
 5
 Hopkins-Lewis is entitled to the disputed proceeds. The January transaction between Harbour and Hopkins-Lewis was an equitable assignment. Under Virginia law, a "contingent entitlement to certain benefits ... which may or may not vest sometime in the future" may be equitably assigned. Kelly Health Care v. Prudential Insurance Co., 226 Va. 376, 379, 309 S.E.2d 305, 306-07 (1983). The crucial determinant of the existence of an assignment, the assignor's present intent to assign his contingent interest, see id., 309 S.E.2d at 307, is apparent in this case. Hopkins-Lewis's performance under the agreement and the subsequent receipt of insurance proceeds resulted in the merger of equitable and legal entitlements in Hopkins-Lewis. See generally Community Hospital v. Musser, 24 Bankr. 913, 919 (W.D.Va.1982) (explaining Virginia law of equitable and legal assignments).
 
 
 6
 Harbour's bankruptcy does not change this result. Under the general rule, when an assignment of insurance proceeds occurs before bankruptcy and the proceeds are received after bankruptcy, the funds are property of the assignee, not property of the estate. See, e.g., Young Adjustment Co. v. J. Bernheim Co., Inc., 35 Bankr. 350, 351 (Bankr.E.D.Pa.1983); Clark and Cohen v. Family and Industrial Medical Facilities, Inc., 25 Bankr. 443, 450-51 (Bankr.E.D.Pa.1982); In re Moskowitz, 14 Bankr. 677, 681 (Bankr.S.D.N.Y.1981). See also 4 M. Cook, R. D'Agostino, A. Pedlar, Collier on Bankruptcy p 541.12, at 541-72 (15th ed. 1986).
 
 
 7
 We find no merit in the trustee's attempts to remove this case from the general rule. The trustee's invocation of the automatic stay provisions of 11 U.S.C. Sec. 362 is unavailing. Hopkins-Lewis was bound to perform the executory contract under 11 U.S.C. Sec. 365 unless the contract was rejected with bankruptcy court approval.[1] See 11 U.S.C. Sec. 365(a); In re Innkeepers of New Castle, Inc., 671 F.2d 221, 226 (7th Cir.), cert. denied, 459 U.S. 908 (1982). Instead of rejecting the contract, the debtor-in-possession encouraged Hopkins-Lewis to perform. See 11 U.S.C. Sec. 1107 (debtor-in-possession has rights and duties as trustee). Hopkins-Lewis now deserves compensation for its services. Cf. Innkeepers, 671 F.2d at 230 (when trustee fails to take action, pre-petition contract for attorney's fees governs).
 
 
 8
 The trustee's contention that the assignment is a voidable preference under 11 U.S.C. Sec. 547(b)(2) is similarly unconvincing. No "antecedent debt," as required for the application of section 547(b)(2), existed when the contract between Harbour and Hopkins-Lewis was signed. See Associated Seed Growers v. Geib, 125 F.2d 683, 685 (4th Cir.1942) (voidable preference rules do not apply to assignment made for present consideration).
 
 
 9
 Finally, we find no merit in the trustee's argument that the district court exceeded its reviewing authority by making "new" findings of fact. See Bankr. Rule 8013 (district court accepts bankruptcy court's findings of fact unless "clearly erroneous"). The district court's factual discussion generally parallels that of the bankruptcy court. Furthermore, the parties agree on the significant facts of this case; it is the legal import of those facts that they dispute. We find no error in the district court's consideration of the facts and application of the law to the case at bar.
 
 
 10
 For the reasons discussed above and for those set out in greater detail in the district court opinion, Huffman v. Hopkins-Lewis (In re Harbour), No. 85-0039-L (W.D.Va. July 31, 1985, as amended August 26, 1985), we hold that Hopkins-Lewis is entitled to the disputed funds.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Under 11 U.S.C. Sec. 365(d)(1), if the trustee does not affirmatively assume the contract, it is deemed rejected after the passage of 60 days. Section 365(d)(1) applies only to Chapter 7 proceedings, however. Although this case began as a Chapter 7 proceeding, it was converted into a Chapter 11 proceeding before the passage of 60 days. Accordingly, the automatic rejection provisions of Sec. 365(d)(1) do not apply