In re William Lee **BARNES**, Debtor.

William E. **BARNES**, Plaintiff,

v.

William Lee **BARNES** and Edward G. **Grant**, Trustee, Defendants.

Bankruptcy Nos. 92–24951–T, CMN 92–2131–T.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Dec. 7, 1992.

Alexander P. Smith, Alexander P. Smith & Associates, P.C., Norfolk, VA, for plaintiff.

Richard S. Harman, Norfolk, VA, for debtor/defendant.

Edward G. Grant, Norfolk, VA, trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This contested matter comes before the court on the plaintiff's motion for relief from stay to pursue state law remedies against the cash surrender value of a life insurance policy owned by the debtor, the benefits of which the plaintiff is the alleged assignee.

Preliminary hearing on the relief from stay was held on November 5, 1992, at which time the parties made oral stipulations and requested the court's ruling. However, since the debtor's chapter 7 trustee had not responded to the motion, the court set the matter for final hearing on December 3, 1992. For the reasons stated in this opinion the court grants relief from stay for cause so the case may proceed in state court on the substantial issues of state law raised by the parties.

### Facts

Debtor filed a chapter 13 petition on September 1, 1992; the case was converted to a chapter 7 on October 8, 1992. The instant motion for relief from stay was filed on October 13, 1992.

The movant William E. Barnes is the debtor's uncle. The subject of this stay relief proceeding is a policy of insurance on debtor's life, the benefits of which (the first $35,000.00) were assigned by debtor to movant as part of a sale of assets from movant to debtor.

The circumstances of the sale were as follows: By an asset purchase agreement dated August 24, 1990, debtor purchased from William E. Barnes an auto repair shop business located in Portsmouth, Virginia, for a price of $35,000.00. The form of agreement used by the parties contains more or less typical provisions of an asset purchase. However, the seller did not retain a security interest in the collateral sold. Instead, the agreement contained the following paragraph under the heading "Covenants of Buyer":

B. WILLIAM L. BARNES agrees to irrevocably assign the first Thirty–five Thousand Dollars ($35,000.00) of benefits to WILLIAM E. BARNES of a certain Life Insurance Company of Virginia Policy # N01934915 and to maintain said policy in force at all times until said note is fully paid. Another policy of equal or better quality may be substituted upon written consent of Seller.

C. Buyer agrees to place no liens nor suffer any lien to be placed on nor sell tangible personally [sic] hereby sold to him until the promissory note in the amount of $35,000.00 is fully paid and agrees to execute such further documents as may be necessary to perfect the security interest of Seller.

In addition, the promissory note executed by debtor contained the following sentences in the default paragraph:

If default be made in the payment of any installment under this note, or in any of the agreements contained in the deed of trust, securing this note, the entire principal sum then remaining unpaid and the accrued interest thereon shall, at the option of the holder hereof, become immediately due and payable without notice. Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default. Life of Virginia Policy N01934915 on the life of William L. Barnes is assigned to William E. Barnes. Failure to maintain that policy and beneficiary designation or a policy agreed

upon as a substitute shall be a default in this note.

Finally, as a part of the transaction debtor executed a beneficiary designation form for the policy which named "William E. Barnes or heirs or devisees" beneficiary to receive the first $35,000.00 of benefits. The beneficiary designation form further states "[t]his designation [is] irrevocable until released by William E. Barnes."

### Position of Parties

Movant contends that debtor made an "irrevocable assignment" to movant of benefits under the policy and that the policy is not an asset of debtor's bankruptcy estate. Movant seeks relief from the automatic stay to permit him "to assert his claim in state court to the cash surrender value of the policy."

Debtor argues that he retained ownership of the policy, that since he remains alive there are no policy proceeds or benefits which movant could recover and that debtor retains the right to cancel the policy and keep any cash surrender value.

### Discussion And Conclusions of Law

At the preliminary hearing the court set the motion for final hearing so that debtor's trustee in bankruptcy could assert any interest of the estate in the policy. Since the trustee is in default and has made no claim the court finds the trustee has no interest.

█ Counsel for the parties by their pleadings, stipulation and argument raise interesting questions of state law concerning the effect of debtor's purported assignment of life insurance policy benefits.[1] From their comments at hearing counsel

apparently anticipate that this court will determine the state law issues and based upon that conclusion either grant or deny the relief the movant requests. I note that neither counsel have cited case law or statutory authority in support of their respective positions.

█ Bankruptcy courts do not necessarily consider substantive state law issues which arise in relief from stay motions, particularly where there is no potential benefit to the bankruptcy estate. The issue here is better left to the Virginia courts. Therefore, I decline the opportunity to research the issue and reach a definitive answer.

Since I find that substantive state law issues have been raised by the motion, there is cause to grant relief from stay so that the movant may pursue his claim against the debtor's life insurance policy in state court. This ruling in no way makes any finding on the merits of that claim.[2]

---

1. Section 8.9–104 of the Virginia Code states in pertinent part:

   § 8.9–104. Transactions excluded from title.—This title does not apply . . .
   (g) to a transfer of an interest or claim in or under any policy of insurance . . .
   Va.Code § 8.9–104(g) (Michie 1991).
   Accordingly, Article 9 of the Uniform Commercial Code does not govern the state law issues raised by the parties. Instead, the common law of assignments or third party beneficiaries is likely controlling. *See Kelly Health*

*Care, Inc. v. The Prudential Insurance Company,* 226 Va. 376, 309 S.E.2d 305 (1983).

2. *But see Westchester Enterprises, Inc. v. Swartwout v. Pan–Western Life Insurance Company (In re Swartwout ),* 123 B.R. 794 (Bankr. S.D.Ohio 1991). In *Swartwout,* the court addressed the merits of state law issues similar to the ones raised in this case. The principles of federalism and deference lead me to conclude that it is the province of the Virginia state courts to rule on the merits of these issues.