# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Stormy S. Hughes

    v.

Richard T. Olin

May 26, 2005

Case No. (Law) 62471

BY JUDGE ROSSIE D. ALSTON, JR.

This matter comes before the Court upon hearing of the Defendant's Demurrer to Count Two of the Amended Motion for Judgment, namely the Plaintiff's Breach of Contract claim. The parties submitted memoranda in support of their respective positions and presented argument before the Court.

This case is an action to recover for personal injuries sustained by the Plaintiff resulting from the Defendant's alleged failure to treat and manage properly the Plaintiff's healthcare, i.e., a case involving alleged medical malpractice by the Defendant. The Plaintiff avers two causes of action in his Amended Motion for Judgment. The Plaintiff alleges in Count One a cause of action sounding in tort. The Plaintiff alleges in Count Two a cause of action rooted in contract law. In this Demurrer, the Court considers the viability of Count Two of the Amended Motion for Judgment.

The Plaintiff presents two theories in support of the Breach of Contract claim in Count Two of the Amended Motion for Judgment. The Plaintiff first contends that there is an express contract between the Defendant, the Plaintiff, Physicians Health Plan of Maryland (hereinafter "IPA"), and the Plaintiff's

employer (hereinafter "Employer"), and that the Defendant breached the contractual duties owed to the Plaintiff under such contract. See Amended Motion for Judgment paras. 28-29. Alternatively, the Plaintiff contends that he is a third-party beneficiary to the contract between the Defendant and IPA. See Amended Motion for Judgment paras. 28-29.

In resolving these issues, the Court first addresses the Plaintiff's claim that there is an express contract between the Defendant, the Plaintiff, IPA, and Employer, and that the Defendant breached the contractual duties owed to the Plaintiff under such contract. The Plaintiff does not reference an express contract between the Plaintiff and the Defendant. Rather, the Plaintiff describes (1) a contract between the Defendant and IPA and (2) a contract between MAMSI/IPA and Employer. The Plaintiff's Amended Motion for Judgment reads in pertinent part "at some time prior to the events giving rise to this action, Dr. Olin entered into a written Physician Agreement with Physicians Health Plain of Maryland ("IPA") the contracting agent for MAMSI, to provide primary care services to its Members who selected him as their primary care physician." See Amended Motion for Judgment para. 4. The Amended Motion for Judgment also states "at some time thereafter, MAMSI/IPA contracted with the plaintiff's employer to provide the Optimum Choice health care benefits plan to its employees, including plaintiff." See Amended Motion for Judgment para. 5.

The Plaintiff then intimates that the Plaintiff eventually became a party to the contract between MAMSI/IPA and Employer. See Amended Motion for Judgment para. 5. In support of this theory, the Plaintiff states "Plaintiff became a party to that contract when he thereafter selected Dr. Olin as his Primary Physician and became his patient." See Amended Motion for Judgment para. 5. With some significant degree of ambiguity, the Plaintiff provides that all of the above-mentioned parties subsequently became parties to the agreement between the Defendant and IPA. See Amended Motion for Judgment para. 28. The Plaintiff states, "Dr. Olin's agreement with IPA was a contract between Dr. Olin, IPA, plaintiff, and plaintiff's employer, pursuant to which Dr. Olin received valuable consideration from Plaintiff through his employer and IPA." See Amended Motion for Judgment para. 28. In addition, the Plaintiff claims that the Defendant breached the contractual duties owed to the Plaintiff under the agreement between the Defendant and IPA, which was a contract between the Defendant, the Plaintiff, IPA, and Employer. See Amended Motion for Judgment paras. 28-29. Finally, the Plaintiff suggests that the duties owed to the Plaintiff were different from and greater than those duties arising out of the physician-patient relationship. See Amended Motion for Judgment para. 28.

It is fundamental that all of the necessary elements of a contract, offer, acceptance, and consideration, are pleaded in a motion for judgment seeking to

recover for breach of contract. In the instant case, the Plaintiff does not present any specific facts to illustrate an offer, acceptance, or mutuality of assent between all of the parties to transform or modify the two-party agreement between the Defendant and IPA to a multi-party contract between the Defendant, the Plaintiff, IPA, and Employer. The same is true for the contract between MAMSI/IPA and Employer.

From what the Court is able to discern, the Plaintiff is suggesting that the Court should infer that, because the Plaintiff allegedly became a party to a contract between Employer and IPA, and IPA was a party to an agreement with the Defendant, the Plaintiff became a party to a contract between IPA and the Defendant. Although the theory propounded by the Plaintiff is rooted in a great degree of ingenuity and while there may have been a series of agreements between different parties, the facts alleged do not support the proposition that there is an express agreement between the Plaintiff and the Defendant.

In Virginia, if the relationship of the plaintiff and the defendant is such that a duty arises from that relationship, irrespective of a contract, to exercise due care, and the defendants are negligent, then the action is one of tort. See *Oleyar v. Kerr*, 217 Va. 88 (1976). Specifically in the context of the doctor-patient relationship, where a person alleges physical injury caused by the medical care provided to him, the cause of action for damages sounds in tort, not contract. See *Glisson v. Loxley*, 235 Va. 62 (1988). Unless there is a special contract requiring the physician to do more than that which he is already required to do under the law, the injurious medical care gives rise only to a malpractice action. See *Pierce v. Caday*, 244 Va. 285 (1992). This does not mean, however, that the Plaintiff would be precluded from presenting all underlying facts and circumstances defining and edifying the extent of the duty owed to the Plaintiff by the Defendant in the context of this action in "tort." Again, the Plaintiff in this case did not allege facts sufficient to support the proposition that there existed a special contract between the Plaintiff and the Defendant.

If the Court is not inclined to find an express agreement between the Plaintiff and the Defendant, the Plaintiff alternatively claims that he is a third-party beneficiary to the contract between the Defendant and IPA. See Amended Motion for Judgment para. 28. Generally, one who is not a party to a contract does not have standing to sue for breach of that contract. See *Radosevic v. Virginia Intermont College*, 651 F. Supp. 1037 (W.D. Va. 1987). However, the General Assembly has created a limited statutory exception to the general rule. See Code of Virginia (1950) § 55-22, as amended. Whether or not a third party has standing to sue for breach of contract depends on whether the party sought to be held liable assumed an obligation, which was clearly and definitely intended to benefit the third party who seeks to recover. See *Kelly Health Care, Inc. v.*

*Prudential Ins. Co. of Am.*, 226 Va. 376 (1983). To reiterate, only those parties who are intended beneficiaries of a contract, as opposed to potential or incidental beneficiaries, have standing to sue under such contract. See *id.*

The Plaintiff states that "at some time prior to the events giving rise to this action, Dr. Olin entered into a written Physician Agreement with Physicians Health Plain of Maryland ("IPA"), the contracting agent for MAMSI, to provide primary care services to its Members who selected him as their primary care physician." See Amended Motion for Judgment para. 4. The Plaintiff then goes on to recite at length many of the Defendant's alleged duties under the agreement. See Amended Motion for Judgment para. 4, subsecs. (a)-(c). In each instance, the Plaintiff refers to the persons to whom the Defendant owes a duty in generic terms, such as Member(s), patient or member patient. See Amended Motion for Judgment para. 4, subsecs. (a)-(c).

In the case at bar, the facts presented in the Amended Motion for Judgment, at best, support the proposition that the Plaintiff was only a potential and mere incidental beneficiary of the contract between the Defendant and IPA. The Plaintiff does not present any facts to suggest that, when the Defendant and IPA entered into the contract, they clearly and definitely intended to confer the benefits of such agreement upon this particular Plaintiff. The Plaintiff at that time was simply one member of a large class of potential patients. Consequently, the Court finds that the Amended Motion for Judgment fails to plead sufficiently that Plaintiff is a third-party beneficiary to the contract between the Defendant and IPA with standing to sue.

The suggestions of the Plaintiff in his breach of contract theories appear to be novel in the context of Virginia medical malpractice jurisprudence. While the framework for the Plaintiff's argument may be analytically fascinating, it just does not pass muster when considering it in the context of a medical malpractice action. The Virginia General Assembly in its wisdom enacted legislation that resulted in the Virginia Medical Malpractice Act. The Act has two significant features: a pretrial medical review system for evaluation of medical malpractice claims and a damages cap.

The ingenuity of the Plaintiff's position is further illuminated by the reality that, if the Plaintiff's position on the breach of contract theories were allowed to stand, it would significantly undermine the entirety of the Virginia legislative scheme for evaluation of medical malpractice claims. The Court respectfully rejects the invitation to modify, by judicial decree, the Virginia Medical Malpractice Act.

Because the Court finds that there is no express agreement between the Plaintiff and the Defendant and that the Plaintiff is not a third-party beneficiary to the agreement between the Defendant and IPA with standing to sue, the issues

50

the Defendant raises regarding the application of ERISA and the implications of an arbitration clause are moot.

Upon consideration of the record, the arguments of the parties, and the law, it is the judgment of the Court that the Defendant's Demurrer to Count Two of the Motion for Judgment should be sustained and that Count Two of the Amended Motion for Judgment should be dismissed with prejudice.