# Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY v. JAMES MILTON MINNI-
FIELD.

April 23, 1973.

Record No. 8069.

Present, All the Justices.

*Leighton S. Houck; S. J. Thompson, Jr. (Caskie, Frost, Davidson, Hobbs & Hamblen, on brief), for appellant.*

*Henry M. Sackett, III (Henry M. Sackett, Jr.; Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, on brief), for appellee.*

COCHRAN, J., delivered the opinion of the court.

Nationwide Mutual Insurance Company filed its bill of complaint against James Milton Minnifield to recover in contribution the sum

of $13,000, representing one-half the amount paid by Nationwide in settlement of two death claims against its insured, James Coleman Glover, arising from an automobile accident which occurred on September 29, 1965. Minnifield pleaded in setoff the sum of $13,363.35, representing one-half the amount paid for him by his insurer, Travelers Indemnity Co., to satisfy a judgment obtained against Glover and Minnifield by Charles Wayne Revely, a minor, who was injured while accompanying Glover at the time of the accident, and to settle a claim against Glover and Minnifield for expenses incurred by Revely's father as a result of his son's injuries.

Travelers filed its bill of complaint against Glover for contribution in the sum of $13,363.35, the same amount claimed for the same purposes as pleaded by Minnifield in setoff to the Nationwide claim. No responsive pleadings were filed by or in behalf of Glover, nor was any order entered consolidating the case for trial with that instituted by Nationwide. Without objection, however, the trial court treated the cases as consolidated in order to dispose of all matters in controversy without further litigation. Moreover, it was stipulated that all proper parties, including Travelers and Glover, were before the court, that Revely was an employee of Glover's at the time of the accident, and that the Nationwide policy insuring Glover excluded coverage for liability to employees.

Nationwide appeals from the final decree entered February 7, 1972, in which the trial court allowed the setoff pleaded by Minnifield and denied Nationwide's claim for contribution.

Code § 8-627 provides that "[c]ontribution among wrongdoers may be enforced when the wrong is a mere act of negligence and involves no moral turpitude." But the right of contribution arises only when one tortfeasor has paid or settled a claim for which other wrongdoers are also liable. *Bartlett* v. *Roberts Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967). An insurer making settlement of claims against its insured is subrogated to his right of contribution from joint tortfeasors. *Nationwide Mut. Ins. Co.* v. *Jewel Tea Co.*, 202 Va. 527, 531, 118 S.E.2d 646, 648 (1961).

Nationwide, which settled the death claims and gave notice of its contribution claim therefor to Travelers in January, 1966, maintains that the setoff asserted by Minnifield is barred by Code § 8-94[1] as an

---

[1] "§ 8-94. Assignee or beneficial owner may sue in own name; certain discounts allowed.—The assignee or beneficial owner of any bond, note, writing or other chose in action, not negotiable, may maintain thereon in his own name any action which the original obligee, payee, or contracting party might have brought, but, except as

after-acquired defense. The setoff is based upon the Revely judgment paid by Travelers on January 20, 1968, and the claim of Revely's father paid by Travelers on December 29, 1969.

■ Travelers argues that Code § 8-94 applies only to assignments and not to subrogations and that in the present case we have a subrogation by act of law. It attempts to distinguish *McKay* v. *Citizens Rapid Transit Co.*, 190 Va. 851, 59 S.E.2d 121 (1950), where we held that an insurer which reimbursed its insured was entitled to proceed under § 8-94 to obtain contribution from other joint tortfeasors, on the ground that the insured paid and was then reimbursed by its insurer, which thereupon became an assignee. Here, the insurer paid directly and the insured paid nothing.

Although this case involves conventional or contractual subrogation under the provisions of Nationwide's insurance contract, rather than legal subrogation, we agree with Travelers that subrogation is not the same as assignment. *See Collins* v. *Blue Cross and Blue Shield*, 213 Va. 540, 193 S.E.2d 782 (1973). Nevertheless, as the term "beneficial owner" in § 8-94 is broad enough to include a subrogee, the distinction between assignment and subrogation is not determinative in construing this statute.

In an action under § 8-94 the defendant may assert any defenses he had against the assignor or pledgor before he had notice of the assignment. *Hartford Fire Ins. Co.* v. *Mutual Sav. & Loan Co.*, 193 Va. 269, 278, 68 S.E.2d 541, 546 (1952). But the terminology of § 8-94 connotes its applicability to actions at law rather than to suits in equity. *Cf.* § 8-91 which specifically applies to a "suit or action".

Moreover, there is a valid distinction between the accrual of the equitable, *inchoate* right to contribution that arises at the time of jointly negligent acts and the maturation of the right to *recover* contribution that arises only after payment of an unequally large share of the common obligation. *See, e.g., Ainsworth* v. *Berg*, 253 Wis. 438, 445, 34 N.W.2d 790, 793 (1948), *on rehearing*, 253 Wis. 445a, 35 N.W.2d 911 (1949); 18 Am. Jur. 2d *Contribution* § 46, at 66 (1965). Thus, for purposes of setoff, Minnifield's inchoate right to contribution arose at

provided in § 8.9-206 shall allow all just discounts, not only against himself, but against such obligee, payee, or contracting party, before the defendant had notice of the assignment or transfer by such obligee, payee, or contracting party, and shall also allow all such discounts against any intermediate assignor or transferor, the right to which was acquired on the faith of the assignment or transfer to him and before the defendant had notice of the assignment or transfer by such assignor or transferor to another."

the same time that Glover's arose, i.e. at the time of the accident. The facts upon which insureds and insurers were exposed to liability were known to all. So the setoff represented a claim which, though unliquidated, was in existence from the date the accident occurred and even if § 8-94 were applicable, the setoff would not be barred thereby. *See National Bank & Trust Co.* v. *Castle,* 196 Va. 686, 692-93, 85 S.E.2d 228, 232 (1955).

The theory advanced by Nationwide would lead to an inequitable result. After the first insurer to settle in behalf of its insured gives notice to other cotortfeasors of the claim for contribution, according to Nationwide, any contribution claim for amounts thereafter paid by or in behalf of those tortfeasors could be asserted only in a separate suit or action. Such a cumbersome procedure is not required in equity where, as here, by the time of trial potential setoff claims have become liquidated.

We hold that the chancellor properly refused to apply § 8-94 to disallow the setoff pleaded by Minnifield and relied upon by Travelers.

■ The right to contribution is based upon the equitable principle that where two or more persons are subject to a common burden it shall be borne equally. *Nationwide Mut. Ins. Co.* v. *Jewel Tea Co.,* 202 Va. at 531-32, 118 S.E.2d at 649.

Travelers insists that Nationwide cannot show that it has borne more than its equal share of the common burden. This depends of course on what constitutes the common burden. If it is the common obligation of the joint tortfeasors, as Travelers urges, then the $26,000 paid by Nationwide is less than half the aggregate joint liability of $52,726.79. Travelers says that the only available right of contribution is the statutory right granted by § 8-627 to one joint tortfeasor against another, based upon their joint liability, and that the presence or absence of insurance coverage is irrelevant. It cites cases from other jurisdictions in support of the principle that the rights of a subrogated insurer can rise no higher than the rights of its insured.

Nationwide, while conceding the validity of this rule, nevertheless maintains that it can assert herein rights besides those of its insured. The common burden between the insurers, argues Nationwide, is $26,000. Therefore, Nationwide insists, it is entitled to contribution from Travelers in the sum of $13,000 to prevent the unjust enrichment of Travelers that would result from allowing a setoff of payments for which Nationwide had by contract expressly disclaimed responsibility. It cites no authority for its position but asserts that the

employee exclusion[2] in its policy insuring Glover is a complete defense to the Travelers setoff claim.

Travelers concedes that in its suit against Glover for contribution there could be no liability imposed on Nationwide because of the policy defense. But it contends that it can successfully prevent Nationwide from recovering in the Nationwide suit against Minnifield. So the question is whether Travelers can accomplish indirectly what it cannot directly.

In *American Employers' Insurance Co.* v. *Maryland Casualty Co.*, 218 F.2d 335 (1954), the United States Court of Appeals for the Fourth Circuit construed the Virginia law of contribution as it applied to the insurers of two joint tortfeasors. There Maryland Casualty paid in behalf of its insured a judgment rendered against three joint tortfeasors. Then it sued for contribution American Employers', the insurer of another tortfeasor, which had denied liability for its insured because he was driving neither his own vehicle nor, American Employers' contended, a "temporary substitute automobile" within the coverage of the policy.

Finding that the Virginia contribution statute, § 8-627, was not limited to tortfeasors alone but could be utilized by insurers also, the court, through Judge Soper, concluded that it authorized suits between two insurers. "The important circumstance is that an accident occurred involving both cars in which the drivers both were at fault, so that each insured became immediately liable *and the indemnity provisions of each policy became effective with respect to all the injuries incurred. Thereupon the two insurance companies became subject to a common obligation to the extent of the respective limits of their policies . . . .*" (Emphasis added.) 218 F.2d at 340.

Although the court upheld the finding of the trial court that the risk was within the policy coverage, it is clear that the policy exclusion defense, if supported by the facts, would have been held to be a complete bar to the claim for contribution.

---

[2] Prior to 1966 the employee exclusion was deemed to be a valid limitation of liability. *See Aetna Cas. & Sur. Co.* v. *Kellam*, 207 Va. 736, 741, 152 S.E.2d 287, 291 (1967). In 1966 the General Assembly amended the "omnibus clause" provisions of the Code by adding § 38.1-381(a2) which expressly invalidated any insurance provision seeking to limit coverage for "omnibus" insureds. In *Southside Distributing Co.* v. *Travelers Indemnity Co.*, 213 Va. 38, 189 S.E.2d 681 (1972), we held that an employee exclusion falls afoul of § 38.1-381(a2), and therefore, is void. But since the present case stems from an accident which occurred in 1965, it is not affected by the subsequent change in the law.

In a somewhat analagous situation in another jurisdiction the same result has been reached. In *Ainsworth* v. *Berg*, 253 Wis. 438, 34 N.W.2d 790 (1948), *on rehearing*, 253 Wis. 445a, 35 N.W.2d 911 (1949), an employee passenger sued the driver of a vehicle and his insurer for personal injury damages. The defendants impleaded the fellow employee driver and his insurer for contribution. The employee insurer asserted as a defense a fellow employee exclusion in its policy. After upholding the validity of such an exclusion, the Wisconsin court held that on the cross-claim between defendants the original defendants were entitled to judgment against the cotortfeasor employee driver individually but not against his insurer. Although the Wisconsin court did not distinguish between the common burden of the tortfeasors and that of the insurers, it did allow an insurer to assert its policy defense.

The setoff asserted by Travelers in *Nationwide* v. *Minnifield* is precisely the same claim asserted in *Travelers* v. *Glover*. The only difference is that in the setoff Nationwide rather than its insured is the defendant. To uphold the setoff would give preferential status to a cotortfeasor's insurer by permitting the insurer to recover from Nationwide when neither the injured person nor Nationwide's insured could do so.

This case was consolidated and tried on the premise that the decision would terminate litigation and resolve all matters among the parties. Under the facts and circumstances of this particular case, unless Nationwide can raise its policy defense now, it will become liable for claims outside its policy coverage and will be left with no adequate opportunity to assert its valid contractual rights. Accordingly, we hold that the common liability between the joint tortfeasors is $52,726.79 but that the common burden between the insurers of the joint tortfeasors is $26,000.

It follows that Nationwide is entitled to judgment against Travelers for $13,000 with interest and costs. As Travelers has not asked for judgment against Glover, none will be awarded.

*Reversed and final judgment.*