**VIRGINIA INTERNATIONAL TERMINALS, INC.,**
Plaintiff,

v.

**CERES MARINE TERMINALS, INC., Defendant.**

**Civ. A. No. 2:94cv992.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 28, 1995.

F. Nash Bilisoly, Edward J. Powers, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for plaintiff.

John R. Crumpler, Jr., Scott W. Kezman, Kaufman & Canoles, Norfolk, VA, Richard Q. Whelan, Palmer, Biezup & Henderson, Philadelphia, PA, for defendant.

*OPINION & ORDER*

PRINCE, United States Magistrate Judge.

Ceres Marine Terminals ["Ceres"], defendant, has filed a motion to dismiss this action filed by Virginia International Terminals, Inc. ["VIT"], plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(6). The action was filed in the Circuit Court of the City of Norfolk in September 1994, and was removed by Ceres to this Court. In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73, the parties have consented to have a magistrate judge conduct all proceedings in the case, including the entry of final judgment.

In January 1992, Nathaniel Langston, an employee of Ceres, filed a motion for judgment under the general maritime laws of the United States against VIT in the Circuit Court of the City of Norfolk. Langston alleged damages as a result of personal injuries sustained by him in October 1990, while he was performing his duties as Ceres' employee. In June 1992, Langston's wife and daughter also filed suit against VIT for their damages as a result of the injury to Langston.[1] That action of Langston, his wife and daughter was pending in the Circuit Court when VIT filed this action against Ceres.

---

1. On February 2, 1995, Ceres filed with this Court a copy of the Second Amended Motion for Judgment, which had been filed in June 1992 in the Circuit Court of the City of Norfolk. Apparently, this is the pleading adding the claims of

Langston's wife and daughter. This same pleading names General Electric and Kone Corporation as defendants. The Court does not know if they were originally defendants or were added.

In this action VIT alleges that if it incurs any liability or expense as a result of a judgment in favor of or settlement with the Langstons, then Ceres would be indebted to VIT, pursuant to an agreement between them for either indemnity or contribution.

Virginia has a third party practice rule, R.Sup.Ct.Va. 3:10, which is the counterpart of Fed.R.Civ.P. 14. *Valley Landscape Co. v. Rolland,* 218 Va. 257, 237 S.E.2d 120, 124 (1977). In that case, the Supreme Court held that Rule 3:10 does not compel a defendant to bring a third party into the litigation, it simply permits it. *Id.* 237 S.E.2d at 124. In addition to the third party practice rule, Va.Code § 8.01–281 provides as follows:

> A. A party asserting … a claim … may plead alternative facts and theories of recovery against alternative parties, provided that such claim[ ] … for relief so joined arise[s] out of the same transaction or occurrence. Such claim … may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability, and it shall be no defense thereto that the party asserting such claim … has made no payment or otherwise discharged any claim as to him arising out the transaction or occurrence.

Rule 3:10 and Va.Code § 8.01–281 are "mere procedural devices to promote judicial economy by having all claims, actual or potential, arising from the same transaction or occurrence determined in one proceeding." *Gemco-Ware, Inc. v. Rongene Mold and Plastics Corp.,* 234 Va. 54, 360 S.E.2d 342, 344 (1987).

In the absence of Va.Code § 8.01–281 and Rule 3:10, a party having a claim for indemnity or contribution against another would be prevented from pursuing the claim until it accrued. Va.Code § 8.01–249 provides when certain causes of action are deemed to accrue. Subsection 5 provides: "In actions for contribution or for indemnification, [the action accrues] when the contributee or the indemnitee has paid or discharged the obligation. A third party claim permitted by

subsection A of § 8.01–281 and the Rules of Court may be asserted before such cause of action is deemed to accrue hereunder[.]" This statute is reflective of the common law of Virginia. In *Gemco-Ware,* the Supreme Court of Virginia stated:

> As we noted in *Shiflet* [*v. Eller,* 228 Va. 115, 319 S.E.2d 750 (1984) ], the cause of action and the right of action in contribution do not arise at the same time. Quoting *Nationwide Mutual Insurance Co. v. Minnifield,* 213 Va. 797, 799, 196 S.E.2d 75, 77 (1973), we pointed out in *Shiflet* that a valid distinction exists between the accrual of the inchoate right to contribution that arises at the time of the wrongful act and the full development of the right to recover contribution that arises only after payment of an unequally large share of the common obligation. 228 Va. at 121, 319 S.E.2d at 754. In other words, the right to recover contribution arises upon payment or discharge of the common obligation, "and it is then that the statute of limitations begins to run."

360 S.E.2d at 344 (citations omitted).[2]

This action by VIT against Ceres seeking indemnity or contribution is brought pursuant to Va.Code § 8.01–281. (Motion For Judgment/Complaint ¶ 3.) Ceres contends that because VIT elected not to bring a third party claim against it pursuant to Va.Code § 8.01–281 and Rule 3:10, it is precluded by the common law of Virginia from filing this action because no cause of action has accrued. VIT maintains that Va.Code § 8.01–281 does not require that a third party claim be filed, but that § 8.01–281 permits the filing of a separate claim.

All signs point to the correctness of Ceres' position. Va.Code § 8.01–281 provides the right to bring an action for indemnification and contribution not otherwise accrued to "a party." Black's Law Dictionary 1010 (6th ed. 1990), has this definition for "Party":

> "Party" is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is

2. In view of the common law rule requiring accrual of the right to recover indemnification and contribution, it may be argued that Rule 3:10, standing alone, could not change the common law, and that Va.Code § 8.01–281 was required to change the common law and provide the right of action.

brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties. *Golatte v. Mathews,* D.C.Ala., 394 F.Supp. 1203, 1207 [ (1975) ].

Furthermore, § 8.01–281 speaks of the claim filed by "a party" as one "so joined," that is, a claim that is joined to another. The context here is of a claim being joined to a pending action. There is no other reasonable context. Rule 3:10 provides:

(a) When Defendant May Bring in Third Party.—At any time after commencement of the action a defending party, as a third-party plaintiff, may file and serve a third-party motion for judgment upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.[3]

Obviously, this procedural rule contemplates a proceeding which is part of a pending action. If not done within a specified time, leave of court must be obtained. Fed. R.Civ.P. 14 has a similar provision. Further authority for this interpretation is found in *Gemco–Ware.* There the Supreme Court of Virginia stated:

It should be noted that, according to statute and Rule of Court, a claim based on future potential liability in contribution may be asserted in a third-party motion for judgment filed in a pending suit even though the third party claimant has made no payment or otherwise discharged any claim against him. Code § 8.01–281(A); Rule 3:10(a).

360 S.E.2d at 344.

#### Conclusion

Va.Code § 8.01–281 authorizes a party in a pending action to file a third-party motion for judgment (complaint) seeking indemnification or contribution. Rule 3:10(a) establishes the procedure for filing such a claim. When a claim for indemnity or contribution is filed as a separate cause of action, it does not accrue until the person seeking the relief has paid more than his or her share of the obligation. As alleged, VIT's cause of action for indemnification or contribution has not accrued.

#### *ORDER*

For the reasons previously stated, the motion to dismiss the Motion for Judgment/Complaint filed herein is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

---

**3.** The first sentence of Fed.R.Civ.P. 14 is identical, save words peculiar to federal practice.