Present: Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Compton, S.J.

OHIO CASUALTY INSURANCE COMPANY

v. Record No. 001914    OPINION BY JUSTICE DONALD W. LEMONS
                                      June 8, 2001
STATE FARM FIRE AND CASUALTY COMPANY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Henry E. Hudson, Judge

In this appeal, we consider a coverage dispute between
two insurance carriers, arising from the damage by fire of two
adjacent homes under construction by the same builder.

I. Facts and Proceedings Below

State Farm Fire and Casualty Company ("State Farm")
issued separate and nearly identical homeowner's insurance
policies to Jerome and Gail Kozak ("Kozaks") and Stephen and
Mary Kitchen ("Kitchens"). The Kozaks and the Kitchens
separately contracted with Talton Brothers Construction
Company, Inc. ("Talton Brothers") for the construction of
their respective homes on adjacent lots. Ohio Casualty
Insurance Company ("Ohio Casualty") issued a builder's risk
insurance policy to Talton Brothers, covering both dwellings
and properties. Although construction was not complete and
residential use permits had not been approved or issued, title
to the properties in question passed to the respective
homeowners prior to a fire that caused considerable damage to
both properties.

The Kozaks and the Kitchens made claims against State Farm under their respective homeowner's insurance policies. State Farm paid the Kozaks $86,081.00, and paid the Kitchens $572,749.76. Thereafter, State Farm brought a bill of complaint for declaratory judgment against Ohio Casualty seeking a declaration that Ohio Casualty's policy provided coverage for the losses and that Ohio Casualty's policy "is primary and should be paid in full." The parties stipulated to the facts and upon cross-motions for summary judgment, submitted the case to the trial court on briefs and oral argument.

The trial court held that State Farm was entitled to equitable contribution from Ohio Casualty in the amount of one-half of the claims paid and denied State Farm's request for pre-judgment interest. Ohio Casualty appeals the judgment of the trial court, maintaining that the trial court erred in ordering equitable contribution because the builder's risk insurance policy and the homeowner's insurance policies named different insureds. Ohio Casualty further contends that even if its policy afforded coverage for these losses, it only provided coverage excess to other insurance coverage. State Farm assigns cross-error and maintains that the trial court erred in failing to hold that Ohio Casualty's policy was primary and in failing to require full reimbursement of all

2

claims paid by State Farm.  Also, State Farm assigns cross-error to the trial court's denial of pre-judgment interest.

## II. Standard of Review

The trial court based its findings of fact upon stipulated facts rather than upon an ore tenus hearing. Therefore, the court's findings, although highly persuasive and entitled to great weight, are not binding on appeal. Johnson v. Insurance Co. of No. America, 232 Va. 340, 345, 350 S.E.2d 616, 619 (1986).  However, we will not reverse the trial court's judgment on appeal unless it is plainly wrong or without evidence to support it.  State Farm Mut. Auto. Ins. Co. v. Weisman, 247 Va. 199, 202, 441 S.E.2d 16, 18 (1994). See also Code § 8.01-680.

## III. Analysis

On appeal, State Farm premises its entitlement to recovery upon theories of subrogation and contribution. Neither theory is applicable to this case.  In a subrogation action, the rights of a subrogated insurer can rise no higher than the rights of its insured.  See Nationwide Mut. Ins. Co. v. Minnifield, 213 Va. 797, 800, 196 S.E.2d 75, 78 (1973). Consequently, in this case, in order to recover based upon a theory of subrogation, State Farm must establish that Ohio Casualty had an obligation to pay the Kozaks and the Kitchens under the builder's risk insurance policy.  The evidence does

3

not support such recovery.  The Kozaks and the Kitchens were not named as additional insureds or loss payees under Ohio Casualty's policy; consequently, they have no express contractual right to receive payment from Ohio Casualty.

In support of its argument that subrogation is proper in this action, State Farm cites our opinion in Federal Land Bank v. Joynes, 179 Va. 394, 18 S.E.2d 91 (1942), and states that the doctrine of subrogation "is a creature of equity which arises by operation of law; it is not dependent upon contract or privity between the parties, but rather is a creature of equity and is founded upon the principles of natural justice." State Farm's rough paraphrase from our opinion ignores the sentence that precedes the paraphrased passage, where we clearly stated: "Subrogation is the substitution of another person in the place of the creditor to whose rights he succeeds in relation to the debt."  Id. at 401, 18 S.E.2d at 920.  Simply stated, in this case, since the Kozaks and the Kitchens could not maintain a direct action against Ohio Casualty, under the doctrine of subrogation, neither could State Farm.

Additionally, State Farm argues that it is entitled to equitable contribution.  The right of equitable contribution does not arise out of an express contract or agreement between the parties to indemnify each other.  Allstate Ins. Co. v.

4

United Servs. Auto. Ass'n, 249 Va. 9, 12, 452 S.E.2d 859, 861 (1995).  Rather, it is based upon equitable principles that imply a contract between the parties to contribute ratably toward the discharge of a common obligation.  Id.  We have previously stated:

> Thus where two or more persons are liable to pay a claim and one or more of them pays the whole of it, or more than his or her share, the one so paying may generally recover from the others the ratable proportion of the claim that each ought to pay.

Midwest Mut. Ins. Co. v. Aetna Cas. and Sur. Co., 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976)(quoting Wiley N. Jackson Co. v. City of Norfolk, 197 Va. 62, 66, 87 S.E.2d 781, 784 (1955)).

In the context of insurance coverage, proof that the policies insure the same property is not sufficient to establish a common obligation; the policies in question must afford coverage for the same insureds, and the same risk.  See Minnifield, 213 Va. at 801, 196 S.E.2d at 78 (citing American Employers' Ins. Co. v. Maryland Cas. Co., 218 F.2d 335, 340 (4th Cir. 1954)).  There was no common obligation in this case because Ohio Casualty had no obligation to pay the claims of the Kozaks or the Kitchens, and State Farm had no obligation to pay the claims of Talton Brothers.

5

Two cases remarkably similar to the case before us illustrate the concept.  In <u>Reliance Ins. Co. v. Liberty Mut. Fire Ins. Co.</u>, 13 F.3d 982 (6th Cir. 1994), two insurance carriers insured a building that was damaged by fire.  Reliance had issued a builder's risk insurance policy to the builder and Liberty Mutual had issued a builder's risk insurance policy to the building's owner.  Neither policy named the other party as an additional insured or loss payee.  Upon claim made by the owner, Reliance paid the loss and thereafter, sought contribution from Liberty Mutual.  The Court of Appeals held that there was no right of contribution because a common obligation "only exists where 'both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties."  <u>Id.</u> at 983 (quoting <u>Lubetsky v. Standard Fire Ins. Co.</u>, 187 N.W. 260 (Mich. 1922)).  The court specifically noted that it could find "no authority for the proposition that an insurance contract which insures only a property owner's interest insures the 'same interest' as a policy which only insures a contractor's interest."  <u>Id.</u> at 984.  In a later case, the Court of Appeals summarized its holding in <u>Reliance</u> by stating: "Simply put, because each policy covered a different insured and neither named the other as an additional insured under their respective policies, contribution was not

6

a proper remedy." State Farm Fire & Cas. Co. v. Zurich Ins. Co., 111 F.3d 42, 45 (6th Cir. 1997).

The case of Lititz Mut. Ins. Co. v. Lengacher, 248 F.2d 850 (7th Cir. 1957), involved a dispute between an insurer that issued a builder's risk insurance policy to a builder and an insurer that issued a fire insurance policy to the owner. After the property was damaged by fire, the builder sued his carrier for the loss. Holding that the builder's insurer must pay the claim because the named insured "had the right to rely solely upon the policy he had purchased," the court further held that the builder's insurer had no right of contribution from the owner's insurer because "the two insurance companies insured separate and distinct interests in the same property." Id. at 853-54.

## IV. Conclusion

We hold that the trial court erred in ruling that "both carriers share a concurrent insurance obligation for the damage occasioned by the fire." Consequently, it is unnecessary to address the remaining assignments of error and cross-error. Accordingly, we will reverse and vacate the judgment of the trial court and will enter final judgment in favor of Ohio Casualty.

Reversed and final judgment.

7