## CIRCUIT COURT OF THE CITY OF RICHMOND

Craig D. Bell
and D. H. Eure

v.

E. Lewis Kincer, Jr.,
and Johnson Kanady, III

June 11, 2002

Case No. HS-74

BY JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing in this matter on defendant Johnson Kanady, III, Esq.'s Motion to Sever and Demurrer to plaintiffs' Bill of Complaint.

The Bill seeks contribution from the named defendants, Kanady and E. Lewis Kincer, Jr., Esq., in connection with a written commercial lease.

Essentially, on demurrer, Kanady maintains that plaintiffs' Bill of Complaint does not state a claim for contribution because the claim does not arise out of a common undertaking with plaintiffs. He also seeks to sever any claim against him.

The lease was entered into by Eure, Kincer and Bell, P.C., a law firm, with NationsBank, N.A., effective March 11, 1997, for seven years. At the time the lease was executed, the firm stockholders, Eure, Kincer, and Bell, also executed a Guaranty of Lease with the landlord which was incorporated into the Office Lease Agreement. Later, Kanady became a stockholder of the firm. He did not sign the Guaranty of Lease but instead signed a Shareholders' Agreement Addendum, which provides:

[H]e hereby agrees that he shall be jointly liable with Eure, Kincer, and Bell as guarantor under the Lease Agreement with NationsBank, N.A.

After Kanady and Bell withdrew from the law firm, the firm filed Articles of Dissolution with the State Corporation Commission. The firm was by then in default under the lease. Later, the lease default was settled with a payment by Eure and Bell. Kincer and Kanady did not contribute. Eure and Bell then brought this suit.

Kanady argues that there cannot be a claim for contribution because he is not subject to a common obligation to the landlord like Eure and Bell. Instead, he contends any liability as to him springs only under the Shareholders' Agreement Addendum, which is in the nature of an indemnity. Thus, since plaintiffs have alleged only an obligation born of contract between them and Kanady as opposed to a common obligation between and among the parties and the landlord, there can be no claim for contribution. For this reason, Kanady asserts, the claim for contribution against Kincer and the one against him for breach of contract, indemnity, are misjoined. Viewing his obligation as provided only on indemnity, Kanady maintains that separate, distinct procedural rules including a right to a jury trial apply to him, which do not apply in an equitable proceeding seeking contribution.

In *Jackson Co. v. City of Norfolk*, 197 Va. 62, 66 (1955), the court said:

> The right to contribution as such does not arise out of any express contract or agreement between the parties to indemnify each other, but is based on the broad principles of equity that where two or more persons are subject to a common burden it shall be borne equally, since the law implies a contract between them to contribute ratably towards the discharge of the obligation.

So, contribution is based on equitable principles that imply a contract between the parties to contribute ratably toward the discharge of a common obligation. *Ohio Casualty Ins. Co. v. State Farm Fire & Casualty Co.*, 262 Va. 238, 241-42 (2001).

In *Ohio Casualty*, the trial court determined that there was a right of contribution between two insurers in claims of fire damage that occurred to two adjacent homes. Reversing, the Supreme Court of Virginia held that proof that the insurers issued policies covering the same property is not sufficient to establish a common obligation. State Farm issued separate and nearly identical homeowner policies to each of the homeowners, while Ohio Casualty had issued a builder's risk insurance policy to a construction firm covering both dwellings and properties. After State Farm paid the homeowners on claims under their respective homeowner policies, it brought suit seeking contribution from Ohio Casualty. The Supreme Court held that contribution does not lie

because the policies issued by State Farm and Ohio Casualty did not afford coverage for the same insured and the same risk. There was no common obligation because Ohio Casualty had no obligation to pay the homeowners and State Farm was under no obligation to pay the construction company.

Here, the issue raised is whether the Bill of Complaint states a claim for contribution. On the pleadings, the court finds that it does. As discussed, the right to contribution arises from an obligation to be jointly liable on a common obligation. The mere fact that, in characterizing contribution, the court has said that broad principles in equity are involved does not remove the ability to state a case for contribution when the party asserting contribution relies on a contract. Plaintiff has alleged that Kanady agreed to be jointly liable as guarantor under the lease. All parties are said to have agreed to the same thing, that is, as between themselves, to be jointly liable on the lease. As pleaded, there is a common obligation. Accordingly, the demurrer and motion to sever are overruled.