# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Wanda Hernandez-Wells

v.

Patricia Loper Wilson,
Nell White Long,
Freddie Michael Wells,
and Margaret Morarend

v.

Southland Trade Corp.

January 19, 2012

Case No. (Civil) 08-755

By JUDGE JOHN W. BROWN

This matter is before the Court on defendant Nell White Long's Motion for Leave to File Cross-Claim and Third-Party Claim. The Court has considered the arguments of counsel, briefs submitted in support and in opposition of this motion, and the applicable statutes and case law.

## I. *Facts*

Plaintiff's Complaint alleges that, on June 17, 2006, she was a passenger in the third car of a four-car series of chain collisions that occurred when the driver of the first car stopped short without regard to surrounding traffic on Battlefield Boulevard South in Chesapeake. The driver of the first car then left the scene without being identified. On March 26, 2008, Plaintiff sued each of the four drivers, including her own driver, designating the driver of

the first car as "John Doe" because that driver could not be identified. Nell Long was one of the Defendant drivers sued.

Plaintiff subsequently identified "John Doe" as Margaret Morarend and filed a Second Amended Complaint on May 22, 2011, naming Ms. Morarend as a defendant and asserting certain claims against her. Ms. Morarend filed a motion to dismiss, which this Court granted on December 21, 2011, on the grounds that the Plaintiff brought the action against Ms. Morarend in violation of the three-year limitations period set for in Virginia Code § 38.2-2206(G).

While Ms. Morarend's motion to dismiss was pending, Ms. Long filed a motion for leave to file a cross-claim against Ms. Morarend and a third-party claim against her employer, Southland Trade Corporation. On December 21, 2011, the parties appeared on the aforementioned motion to dismiss, and Ms. Long orally requested leave to amend her existing motion to a "Motion for Leave to File Third-Party Claims" against Morarend and Southland. At that time, the Court invited Ms. Long to submit a brief in support of her position. She submitted a brief on January 3, 2012, and counsel for Ms. Morarend submitted a reply brief on January 5, 2012.

## II. *Issue*

Does the three-year limitations period contained in the fourth sentence of Virginia Code § 38.2-2206(G) preclude suits for contribution against an alleged co-tortfeasor who was previously considered a "John Doe"?

## III. *Analysis*

The relevant portion of § 38.2-2206(G) states that:

> In no event shall *an action* be brought against an owner or operator who caused the injury or damages, previously filed against as John Doe, more than three years from the commencement of the action against the unknown owner or operator as John Doe in a court of competent jurisdiction.

(Emphasis added.)

Ms. Morarend contends that the statute unambiguously contemplates that "an action" means *any* action, including third-party claims for contribution. She also cites *Rivera v. Witt*, 257 Va. 280, 283 (1999), to support the notion that "statutes of limitation are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application." Morarend's arguments fail for three reasons.

First, the *Rivera* case is inapposite. Ms. Long's motion has raised the issue of the interpretation of the statute in question, not the application of the statute.

Next, the uninsured motorist insurance coverage statute relates to tort actions. The statute repeatedly refers to "bodily injury or property damage." The overarching goal of the statute is to provide some insurance coverage to parties who have been injured in their person or their property by an uninsured or underinsured motorist. Contribution claims, on the other hand, sound in contract law. *See Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp.*, 234 Va. 54, 59 (1987); *Virginia Int'l Terminals v. Ceres Marine Terminals*, 879 F. Supp. 31, 32 (E.D. Va. 1995). Due to the fact that the uninsured motorist statute deals with tort actions, its three-year statute of limitations does not encompass a contract-based contribution action.

Finally, even if this Court were to credit Morarend's argument that the statute of limitations in § 38.2-2206(G) encompasses *all* actions, that would put § 38.2-2206(G) in conflict with Virginia Code § 8.01-249(5).

Section 8.01-249(5) states that, "[i]n actions for contribution or indemnification," the cause of action accrues "when the contributee or the indemnitee has paid or discharged the obligation." It also states that "a third-party claim permitted by § 8.01-281 and the Rules of Court may be asserted before such cause of action is deemed to accrue hereunder. . . ."

Morarend's reading of the statute creates a clear conflict, because § 38.2-2206(G) would have already foreclosed Ms. Long's claim, while the same claim has not even accrued under § 8.01-249(5). When two statutes are seemingly in conflict, the specific statute trumps the more general one. *See Gas Mart Corp. v. Board of Supervisors*, 269 Va. 334, 611 S.E.2d 340 (2005). In this case, § 8.01-249(5) is the more specific statute and it would control.

Additionally, Ms. Long's argument in her brief that her claims for contribution are not claims under the provisions of the uninsured or underinsured motorists coverage of § 38.2-2206 has merit. It is reasonable to interpret that statute as being a limitation on a Plaintiff's right to substitute a later-discovered driver for the "John Doe" defendant. No language in the statute implies its applicability to the third-party actions. Nor is there any mention of third-party actions for contribution or indemnity in the statute.

The Court also notes that judicial economy is best served by allowing this third-party claim for contribution to proceed as a part of the original action as opposed to Ms. Long waiting until after the obligation has been discharged and instituting an entirely separate action against Morarend. *See Virginia Int'l Terminals v. Ceres Marine Terminals*, 879 F. Supp. 31, 32 (E.D. Va. 1995) (citing *Gemco-Ware, Inc. v. Rongene Mold and Plastics Corp.*, 234 Va. 54 (1987)).

Separate trials would raise issues of availability of witnesses, freshness of memories, repeated discovery, and a retrial of essentially the same

subjects which might have inconsistent verdicts, not to mention additional attorney's fees and days of the Court's docket occupied by repeated motions and another trial.

The Court grants Ms. Long's motion for leave to file third-party claims for contribution.